**Clyde Andrew HOLMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–01185–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 19, 1990.

Discretionary Review Refused Dec. 12, 1990.

---

**816**

Ken J. McLean, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before CANNON, ELLIS and PAUL PRESSLER, JJ.

OPINION

ELLIS, Justice.

Appellant, Clyde Andrew Holmes, appeals his judgment of conviction for the offense of possession of a controlled substance, namely cocaine, weighing less than twenty-eight grams by aggregate weight, including any adulterants and dilutants. TEX.HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.115(a) (Vernon 1990). The jury rejected appellant's not guilty plea and the court, upon finding the two enhancement paragraphs of the indictment to be true, assessed punishment at twenty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In appellant's first point of error he complains that the trial court erred in failing to grant his motion to suppress the cocaine. Appellant contends his arrest for public intoxication was not based upon probable cause. Appellant claims that Officer Williams lacked sufficient facts to find that appellant might endanger himself or another. Therefore, appellant submits his arrest was illegal and the cocaine was the fruit of that illegal arrest.

The warrantless arrest is valid under TEX.CODE CRIM.PROC.ANN. art. 14.01(b) which provides:

A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

The issue in this case is not whether the facts are actually sufficient to support a conviction for public intoxication. The issue is the validity of the search and seizure. Officer Williams was justified in making a warrantless arrest of the appellant for public intoxication. When an officer is confronted with a person intoxicated in a public place, his determination as to possible danger that may befall the individual is not reviewed under the same standard used in a judicial determination of guilt. *Britton v. State,* 578 S.W.2d 685,

689 (Tex.Crim.App.1978); *Vasquez v. State,* 682 S.W.2d 407 at 412 (Tex.App.— Houston [1st Dist.] 1984, no pet.).

This court must determine whether the officer's knowledge, at the time of the offense and under the then existing circumstances, would warrant a prudent man in believing that appellant had committed, or was committing the offense of public intoxication. *Commander v. State,* 748 S.W.2d 270, 272 (Tex.App.—Houston [14th Dist.] 1988, no pet.). A warrantless arrest for public intoxication is valid under 14.01(b) only if the arresting officer has reason to believe that the suspect is not merely intoxicated, but intoxicated to the degree that he "may endanger himself or another." *Berg v. State,* 720 S.W.2d 199 (Tex.App.—Houston [14th Dist.] 1986, no pet.). Otherwise, an offense has not been committed in the Officer's view or presence. TEX.CODE CRIM. PROC.ANN. art. 14.01(b).

Contrary to appellant's assertion, the instant case offers significant evidence to support the determination that appellant was intoxicated and endangering himself or others. On July 18, 1989 at 4:50 p.m., Officer D.W. Williams of the Houston Police Department was patrolling an apartment complex at the 8700 block of Curry in Houston, Harris County, Texas. Officer Williams testified that the apartment complex was a known drug transaction area. Williams noticed that appellant was intoxicated in the parking lot of the apartment complex. Williams further noticed that there was heavy traffic on the main street at that time of day. Appellant was observed to be unstable, "moving back and forth, without going forward." Williams approached appellant noting that he had a strong odor of alcohol on his breath, bloodshot eyes, and slurred speech. Williams, based upon his training and experience, was of the opinion that appellant was intoxicated. Williams opined that appellant was a danger to himself, believing that appellant might fall behind a vehicle and be run over or attempt to climb one of the stairs to the apartment buildings and fall off. Williams arrested appellant for the offense of Public Intoxication. A search of appellant's person, incident to the arrest, re-

vealed a small match box containing what Williams believed to be cocaine located in appellant's right front pocket. After the Williams' field test of the substance, appellant was taken to the Narcotics Division of the Houston Police Department. The contraband was submitted to the Houston Police Department's Narcotics Lab. K.K. Alexander, Chemist for the Houston Police Crime Lab, testified that the match box contained .8 milligrams of pure cocaine.

We find that appellant was lawfully arrested for the offense of Public Intoxication. TEX.CODE CRIM.PROC.ANN. art. 14.-01; *White v. State,* 714 S.W.2d 78, 79 (Tex. App.—San Antonio 1986, no pet.).

■ The arrest in the instant case is also valid under art. 14.01(a) which provides:

A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

The Texas Court of Criminal Appeals has held that being intoxicated and in a public place is a breach of the peace. *Heck v. State,* 507 S.W.2d 737 (Tex.Crim.App.1974).

In the instant case, Officer Williams observed the appellant intoxicated in a public place. Such an act, in and of itself, amounts to a breach of the peace. Accordingly, the officer was justified, under TEX. CODE.CRIM.PROC.ANN. art. 14.01(a), in arresting appellant. Appellant's first point of error is overruled.

■ In his second point of error appellant asserts TEX.PENAL CODE ANN. § 42.08 is unconstitutionally vague, violative of the Due Process clause of the Fourteenth Amendment. U.S. const. amend. XIV. Appellant reasons that an arrest based upon an unconstitutional statute can not justify the instant search and seizure. TEX.PENAL CODE ANN. § 42.08 defining Public Intoxication and making it a penal offense is not unconstitutionally vague and overbroad because it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *Alexan-*

*der v. State,* 630 S.W.2d 355, 358–59 (Tex. App.—Houston [1st Dist.] 1982, no pet.). Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

PAUL PRESSLER, J., not participating.