Matt LEARNING, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–06–00255–CR.

Court of Appeals of Texas,
San Antonio.

March 14, 2007.

---

Angela J. Moore, Chief Public Defender, San Antonio, for appellant.

Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## MEMORANDUM OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

Matt Learning[1] was charged with the felony offense of driving while intoxicated (DWI). The trial court denied Learning's pretrial motion to suppress, and Learning subsequently entered a plea of no contest as part of a plea agreement. The trial court found him guilty. On appeal, Learning contends that the trial court erred in: (1) denying his motion to suppress; and (2) failing to hold a second competency hearing. We affirm the trial court's judgment.

### BACKGROUND

The sole testimony presented to the trial court at the hearing on the motion to suppress was that of Ruben Rodriguez of the Bexar County Sheriff's Office. Rodriguez testified that on December 5, 2003 at approximately 10:00 p.m., he was patrolling on FM–78 when he saw a car in front of him swerve to the left, crossing the line between lanes. As he continued to follow the car, he saw it swerve to the left and cross into the adjacent lane at least three

---

1. The style of this appeal is based on the style used throughout the trial court proceedings and on the trial court's judgment, in which appellant's name is spelled Matt "Learning." However, we note that the record indicates that the correct spelling of appellant's name is Matt "Learing."

more times. At that point, he stopped the car, which was driven by Learning. As Rodriguez approached the driver-side door, he noticed a strong smell of alcohol coming from the car. He also smelled alcohol on Learning's breath. He asked Learning whether he had been drinking, and Learning stated that he had. Rodriguez called a traffic officer, who arrested Learning for DWI.

## MOTION TO SUPPRESS

■ In his first issue, Learning contends that the trial court should have granted his motion to suppress because the State failed to establish: (1) reasonable suspicion to stop him based on an observed traffic violation; and (2) probable cause to arrest him for driving while intoxicated. We review the trial court's ruling on a motion to suppress under a bifurcated standard of review. *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex.Crim.App.1997). Under this standard, we afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the findings are based on an evaluation of credibility and demeanor. *Id.* at 89. In contrast, when reviewing a trial court's ruling on a mixed question of law and fact, we review the trial court's application of the law to the facts of the case *de novo*. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). Because Rodriguez's testimony is undisputed, we review the trial court's ruling *de novo*. *See Guzman*, 955 S.W.2d at 87, 89; *State v. Arriaga*, 5 S.W.3d 804, 805 (Tex.App.-San Antonio 1999, pet. ref'd).

### A. Reasonable Suspicion for Traffic Stop

■ When a police officer stops a defendant without a warrant and without the defendant's consent, the State has the burden at a suppression hearing of proving the reasonableness of the stop. *Ford v. State*, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Id.* Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Id.* A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93.

■ The State argues that Rodriguez's observation of Learning swerving four times into an adjacent lane warranted Rodriguez's reasonable suspicion that Learning violated section 545.060(a) of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999). Section 545.060(a) requires an operator on a roadway divided into two or more clearly marked lanes to: (1) drive as nearly as practical entirely within a single lane; and (2) not move from the lane unless that movement can be made safely. TEX. TRANSP. CODE ANN. § 545.060(a) (Vernon 1999). Learning contends that Rodriguez did not have reasonable suspicion to conduct a traffic stop because there was no evidence that Learning's driving was unsafe. However, the cases cited by Learning in support of his position are distinguishable from this case. *See State v. Cerny*, 28 S.W.3d 796, 801 (Tex.App.-Corpus Christi 2000, no pet.) (holding traffic stop not justified when officer observed driver weave within lane); *State v. Arriaga*, 5 S.W.3d 804, 807 (Tex.App.-San Antonio 1999, pet. ref'd) (holding traffic stop not justified when officer observed driver drift within lane anywhere from two to seven times); *Hernandez v. State*, 983 S.W.2d 867, 870–71 (Tex.App.-Austin 1998,

pet. ref'd) (holding traffic stop not justified when officer observed driver drifting into adjacent lane one time). *But see Curtis v. State,* 209 S.W.3d 688 (Tex.App.-Texarkana, 2006, pet. filed) (holding traffic stop not justified when officer observed driver weave twice across inside fog line and once across lane divider line because no evidence that weaving was unsafe). Here, Learning veered not only within his own lane but also into an adjacent lane, and he did so not once but four times. We conclude that such driving behavior warranted a reasonable suspicion that Learning was not moving from one lane to another safely and that he was therefore violating Section 545.060(a). *See Cook v. State,* 63 S.W.3d 924, 928 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (even in the absence of other evidence that driver's actions were unsafe, driver's constant weaving into adjacent lane of traffic was "sufficiently unsafe so that the officer was not required to wait until appellant placed himself or others in immediate peril as a result of his erratic driving").

**B. Probable Cause to Arrest**

Generally, an arrest without a valid arrest warrant is unreasonable unless the arrest fits into an established exception. *Torres v. State,* 182 S.W.3d 899, 901 (Tex.Crim.App.2005). A police officer may arrest an individual without a warrant if the officer has: (1) probable cause to arrest with respect to the individual in question; and (2) authority to arrest under a statutory exception. *Id.* Probable cause exists where the officer possesses a reasonable belief, based on facts and circumstances either within the officer's personal knowledge or about which the officer has reasonably trustworthy information, that an offense has been or is being committed. *Id.* In determining whether probable cause existed, we apply a "totality of the circumstances" test. *Id.* at 902. The statutory

exception applicable to this case is article 14.01(b) of the Texas Code of Criminal Procedure, which permits a police officer to arrest an offender without a warrant for an offense committed in the officer's presence or view. *See* TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Thus, article 14.01(b) permits a warrantless arrest for driving while intoxicated when the offense is committed in the view or presence of the arresting officer. *Warrick v. State,* 634 S.W.2d 707, 709 (Tex.Crim.App. 1982).

Here, Rodriguez testified that he stopped Learning after observing Learning veer into an adjacent lane four times. Upon approaching the driver side of Learning's car, Rodriguez noticed a strong odor of alcohol coming from inside the car. He also smelled alcohol on Learning's breath. When he then asked Learning whether he had been drinking, Learning admitted that he had. Because the signs of intoxication observed by Rodriguez are the same or similar to those held to be sufficient to establish probable cause to arrest for DWI in past cases, we conclude that Rodriguez had probable cause to arrest Learning for DWI. *See Dyar v. State,* 125 S.W.3d 460, 464 (Tex.Crim.App.2003) (probable cause to arrest where driver admitted drinking and officer smelled alcohol and observed slurred speech, unintelligible answers, and red, glassy eyes); *Espericueta v. State,* 838 S.W.2d 880, 881, 883 (Tex. App.-Corpus Christi 1992, no writ) (probable cause to arrest where officer smelled alcohol and driver admitted drinking and failed sobriety test).

COMPETENCY

In his second issue, Learning contends that the trial court erred in denying him a second competency hearing. We review a trial court's decision not to con-

duct a competency inquiry under an abuse of discretion standard. *Moore v. State*, 999 S.W.2d 385, 393 (Tex.Crim.App.1999); *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex.App.-Fort Worth 2005, pet. ref'd). A defendant is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. TEX.CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon 2006). If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion must suggest that the defendant may be incompetent to stand trial. TEX.CODE CRIM. PROC. ANN. art. 46B.004(b) (Vernon 2006). On suggestion that the defendant may be incompetent, the court must conduct an informal inquiry into whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. TEX.CODE CRIM. PROC. ANN. art. 46B.004(c) (Vernon 2006).

The record shows that when Learning entered his plea in August of 2005, the trial court determined that the plea was voluntary after an exchange in which both Learning and defense counsel indicated that Learning understood the meaning of his plea. Two months later, defense counsel filed a motion for a competency evaluation, asserting that he concluded based on the pre-sentence report that Learning did not understand the nature and consequences of his plea. The trial court granted the motion and ordered sentencing suspended until Learning submitted to a competency evaluation. Doctors conducting the subsequent evaluation found Learning competent. At the competency hearing, the magistrate asked defense counsel if he had received the doctors' evaluation, and defense counsel stated that

he had. The magistrate stated: "The doctors find that he is competent to stand trial. Do you agree that [he] is competent to stand trial?" Defense counsel responded: "I do." The magistrate subsequently found Learning competent.

At the sentencing hearing in March of 2006, defense counsel again raised the issue of Learning's competence, stating once more that he felt Learning's plea was not voluntary. Defense counsel acknowledged that the trial court previously found Learning's plea voluntary and that Learning was found competent after an evaluation. The trial court explained that it did not want to revisit the previous finding that the plea was voluntarily made but stated: "Now, if you're telling me there's a problem with him today and he needs to be reevaluated to see if he's competent to be sentenced, that's a different issue." Defense counsel responded: "I believe he meets the minimal standard of competence, Judge." The trial court sentenced Learning without further addressing the competency issue.

After a review of the entire record, we conclude that the trial court did not abuse its discretion in denying Learning a second competency hearing. When defense counsel suggested at the sentencing hearing that Learning was incompetent, the trial court acted properly in stating that it would consider evidence that Learning was currently incompetent to be sentenced. *See* TEX.CODE CRIM. PROC. ANN. art. 46B.004 (Vernon 2006). Defense counsel stated that Learning was currently competent but argued that Learning's plea had not been voluntary. However, a competency evaluation had already been conducted based on that same argument. To justify a second competency hearing, defense counsel would have had to offer new evidence of a change in Learning's mental condition since the first competency hear-

ing. *See Clark v. State,* 47 S.W.3d 211, 218 (Tex.App.-Beaumont 2001, no pet.); *Miles v. State,* 688 S.W.2d 219, 224 (Tex.App.-El Paso 1985, writ ref'd). Defense counsel offered no such evidence here. Because defense counsel offered no new evidence, we hold that the trial court did not abuse its discretion in denying Learning a second competency hearing.

## CONCLUSION

We affirm the trial court's judgment.