*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




## MEMORANDUM OPINION

No. 04-09-00721-CR

Curtis Wayne **CLEVELAND**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-10546
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:  December 29, 2010

AFFIRMED

Curtis Wayne Cleveland appeals his conviction for felony assault. In one issue on appeal, Cleveland contends the trial court erred in denying him his statutory right to a competency hearing. We affirm the trial court's judgment.

### DISCUSSION

We review a trial court's decision not to conduct a competency hearing under an abuse of discretion standard. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *Learning v.*

*State*, 227 S.W.3d 245, 249-50 (Tex. App.—San Antonio 2007, no pet.). An accused is presumed competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A person is incompetent to stand trial if he lacks (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational, as well as factual, understanding of the proceedings against him. *Id.* art. 46B.003(a); *Luna v. State*, 268 S.W.3d 594, 598-99 (Tex. Crim. App. 2008), *cert. denied*, 130 S. Ct. 72 (2009). A party or the court, on its own motion, may suggest that the accused may be incompetent to stand trial. TEX. CODE CRIM. PROC. ANN. 46B.004(a) (West 2006). And, on suggestion of incompetency, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(a), (c). If, after making an informal inquiry, the court finds evidence exists to support a finding of incompetency, the court shall order a formal competency hearing. *Id.* art. 46B.005(a).

In support of his contention that the trial court erred in refusing to conduct a formal competency hearing, Cleveland points to a pro se document, titled "Complaint #2," that he filed in which he stated the following:

> As a matter of fact, the investigating officer has issued a conjectural report (theory) . . . based on (1) the <u>victims statement</u> [sic], photos, and the Defendants [sic] prior assault convictions (one-sided), therefore supporting prejudice and insufficient findings of the truth in this scornful cause. (2) The conjectural report . . . does not demonstrate, prove, nor conclude the Defendants [sic] guilt by proof of physical evidence nor wrongdoing of the crime. (3) The investigating officer never (a) inquire [sic] into, (b) examine/inspect [sic], the investigator never searched for proof of physical evidence (exculpatory information/documentary evidence) before drawing a conclusion in the findings which is pertinent in a [sic] investigation of truth-seeking and scornfulness.

Also in the document Cleveland requested a number of items, including "911 key cards," "Supervisor-(Mary Alice)-victims Attendance Report," and "8/28-9/10-08 excused absences

(reasons)." Cleveland also relies on a written affidavit he filed with the court in which he describes, in detail, the events in question and asserts his innocence.

Also in furtherance of his argument, Cleveland points to his trial counsel's "Motion Suggesting Incompetency and Request for Examination," which was supported by counsel's affidavit. In her affidavit, counsel stated that she is concerned that Cleveland does not understand the legal process as it relates to his case and that he is sometimes non-responsive to her questions and appears not to understand. She further affirmed that, based on a letter she received from Cleveland, she was not certain of his competency to stand trial and that he appears to be unclear of the roles of the parties. Also, according to the attorney's affidavit, Cleveland expressed that his attorney was an "Agent for the State." Based on Cleveland's motion, the trial court conducted an informal inquiry into Cleveland's competency. The following exchange occurred at the hearing:

> DEFENSE COUNSEL: Yes, judge. I have represented Mr. Cleveland since January 23rd of this year. During the few times that I've interacted with him, it appears to me that at this time I don't believe that he can assist me in his defense. I don't believe he clearly understands the legal process when I discuss certain facts with him and just the way the process works. I don't believe that he really understands. Recently I received a letter from him after our last court setting, and that's the reason I went ahead and filed it; I had suspicions. And I wasn't sure, but his reiteration of what he believes how things were going was not the way — you know, we had not discussed what he wrote. And so I'm just a little bit concerned. Not being a licensed physician, I can't decide that, so I prefer a doctor to go ahead and evaluate him. This will probably be a trial case later and so I'd rather seek that assistance at this time.
>
> COURT: Okay. I mean, is he on psychiatric medications? Is he in the Mental Health Unit? Does he have a diagnosis of mental illness or a mental retardation or brain injury?
>
> DEFENSE COUNSEL: No, not that I'm aware of. It's—basically it's just—I'm basing this on our interaction. The few times that I have interacted concerns me about my client. It's just raised my suspicions. Even when I'm interacting with him, I'm not sure he's understanding me. But as far as his medication, I don't know of any right now.

COURT: Okay.

DEFENSE COUNSEL: I probably need to confer with my client.

COURT: Has he had any mental health care in his life; are you aware of that?

DEFENSE COUNSEL: Not that I'm aware of, Judge.

COURT: No history of mental illness?

DEFENSE COUNSEL: That's correct, not that I'm aware of. Again, I would need to confer with him.

COURT: At this point I don't think what you're saying to me rises to a point of sufficient evidence to convenience [sic] me that he may be incompetent to stand trial. At this point I'll deny your request for competency evaluation.

In his sole issue on appeal, Cleveland asserts that "[t]he trial court applied an arbitrary and unreasonable standard as to whether [Cleveland] was competent to stand trial, thereby denying him his statutory rights." Specifically, Cleveland argues that the trial court did not base its denial of a competency hearing on whether Cleveland could adequately communicate with counsel and whether he understood the proceedings, but instead on the fact that he had no past history of or current treatment for mental illness. While Cleveland recognizes that the inquiry into whether he has or is being treated for mental illness may be relevant, he nevertheless faults the trial court for relying on this inquiry in denying a competency hearing. However, it is apparent from the exchange between defense counsel and the court at the informal inquiry hearing that the court had before it the information required to apply the proper standard and, that the court did, in fact, apply it.

Cleveland's attorney's affidavit and statements made at the hearing focus on the appropriate standard—whether Cleveland could adequately communicate with counsel and whether he understood the proceedings. The trial court, after considering counsel's arguments,

nevertheless found that the information contained in counsel's statements did not "rise[] to a point of sufficient evidence to [convince] [the trial court] that [Cleveland] may be incompetent to stand trial." Although the trial court inquired into whether Cleveland had been treated for mental illness, there is no indication that this inquiry was determinative. We therefore find that the trial court applied the proper standard in denying the competency hearing.

Cleveland further complains that the trial court was presented with evidence requiring it to conclude that Cleveland may be incompetent. Thus, according to Cleveland, the trial court should have held a formal competency hearing. The State urges, however, that there was no evidence to support such a conclusion. We agree with the State.

Notably, Cleveland's attorney's affidavit and statements made at the informal inquiry focus on the attorney's uncertainties, impressions, beliefs, suspicions, and concerns. Further, Cleveland points specifically on appeal to the document titled "Complaint #2" and an affidavit he filed that he describes in his brief as "scatter-brained' and "rambling." The document titled "Complaint #2" contains numerous complaints of which Cleveland apparently wanted to make the trial court aware, including an allegation that the investigation into the crime was unfair and flawed. The affidavit is Cleveland's description of the events in question and his denial of guilt. Although these documents are not particularly articulate, they do not indicate that Cleveland was unable to adequately communicate with his attorney or that he did not understand the proceedings. Therefore, based on the evidence presented to the trial court in the informal inquiry, we cannot say that the trial court abused its discretion in denying Cleveland's request for a formal competency hearing.

We affirm the trial court's judgment.

Karen Angelini, Justice

DO NOT PUBLISH