

## NUMBER 13-10-00061-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**JEFFERY WAYNE MARKERT,**                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                  **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

A jury convicted appellant, Jeffery Wayne Markert, of the felony offense of driving while intoxicated, *see* TEX. PENAL CODE ANN. § 49.04 (West 2003), § 49.09(b)(2) (West Supp. 2010), enhanced by a prior felony conviction to a second-degree felony, *see id.* § 12.42(a)(3) (West Supp. 2010). The trial court sentenced him to twelve years'

imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See id.* § 12.33 (West Supp. 2010). By one issue, appellant challenges the court's denial of his motion to suppress all evidence seized as a result of his arrest. Specifically, appellant contends there was insufficient probable cause to support (1) the initial stop of his vehicle and (2) his subsequent arrest. We affirm.

## I.   BACKGROUND

The only witness at the suppression hearing was the arresting officer, Brandon Burdick, a deputy with the Bee County Sheriff's Department. Viewed in the light most favorable to the trial court's ruling, *see Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010), Deputy Burdick's testimony established the following facts:

On March 14, 2009, at around 12:40 a.m., Deputy Burdick was patrolling northbound on St. Mary's Street in Beeville, Texas. As he approached the intersection at Charco Road, he observed a vehicle pointed southbound on St. Mary's Street stopped in the middle of the intersection. Although Deputy Burdick could not see the traffic signal for the southbound traffic, he assumed the light was green because the light was green for the northbound traffic on St. Mary's Street. Deputy Burdick continued through the intersection, made a U-turn, activated his lights, pulled behind the vehicle, and used his speaker to instruct the driver—later identified as appellant—to pull over to the right of the roadway. As Deputy Burdick approached the open driver's side window, he detected a strong odor of an alcoholic beverage. Deputy Burdick smelled alcohol on appellant's breath and observed that his eyes were glassy and bloodshot. As appellant complied with the deputy's request that he exit the vehicle, Deputy Burdick noticed that appellant's balance was unsteady and he was "staggering." Deputy

2

Burdick requested that appellant perform field sobriety tests, but appellant refused to cooperate. Based on the odor of alcohol, appellant's glassy eyes and slurred speech, and the fact that he was stopped in the middle of an intersection on a green light, Deputy Burdick concluded that appellant was intoxicated and arrested him for driving while intoxicated. A search of appellant's vehicle revealed a mixed drink that smelled of alcohol. State's Exhibit One, a video recording of the traffic stop and appellant's arrest, was admitted in evidence and played at the suppression hearing.[1]

On cross-examination, Deputy Burdick admitted that initially, he assumed the southbound traffic signal was green because it was green for northbound traffic. However, after he turned around and pulled behind appellant's vehicle, he confirmed that the light was green. Deputy Burdick stated that appellant had committed a traffic violation by stopping or parking his vehicle in an intersection.

The trial court denied appellant's motion to suppress.[2] Appellant was tried and convicted, and this appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Whether the trial court properly denied a defendant's motion to suppress is reviewed under a bifurcated standard of review. *Valtierra*, 310 S.W.3d at 447; *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of law to facts not turning on credibility and demeanor. *Valtierra*, 310

---

[1] We have reviewed the video recording of the stop. However, the video does not clearly show appellant's vehicle stopped in the intersection. The video does show appellant's vehicle pulling over after Deputy Burdick activated his lights and the events that followed.

[2] The court granted the motion to suppress certain statements concerning appellant's prior arrests made by the dispatcher which were audible on the video recording; however, the court found that there was probable cause for the initial stop and the arrest.

3

S.W.3d at 447; *Scardino v.* State, 294 S.W.3d 401, 405 (Tex. App.—Corpus Christi 2009, no pet.). When, as in this case, the trial court makes no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court's ruling. *Valtierra*, 310 S.W.3d at 447. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *Id.* at 447–48.

> The Fourth Amendment is not a guarantee against all searches and seizures, but only against unreasonable searches and seizures. For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable to be lawful. A traffic stop is reasonable if the police officer was justified in making the stop and his actions during the stop were confined in length and scope to that necessary to fulfill the purpose of the stop. In other words, an officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic violation.

*Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citations omitted). Once an officer concludes the investigation of the conduct that initiated the traffic stop, he may continue to detain a person if he has reasonable suspicion to believe another offense has been or is being committed. *Id.* "Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). The determination of reasonable suspicion is made by considering the totality of the circumstances. *Id.* at 492–93; *Vasquez*, 324 S.W.3d at 919.

4

## III.   DISCUSSION

### A.  Probable Cause for Initial Stop

Appellant contends that the trial court erred in denying his motion to suppress evidence because "Deputy Burdick lacked a reasonable suspicion to initiate a traffic stop and detain [him]."  We disagree.

Section 545.302(3) of the transportation code provides that an operator may not stop, stand, or park a vehicle in an intersection.  *See* TEX. TRANSP. CODE ANN. § 545.302(3) (West Supp. 2010).   Deputy Burdick testified that:  (1) he observed appellant's vehicle stopped at a green light near the middle of an intersection; and (2) stopping or parking a vehicle in an intersection is a traffic violation.  We conclude that this evidence establishes that Officer Burdick had a reasonable basis for suspecting that appellant was committing a traffic violation.  *See Vasquez*, 324 S.W.3d at 919; *see also Hicks v. State*, 255 S.W.3d 351, 354 (Tex. App.—Texarkana 2008, no pet.) (holding that officer's statement that he saw vehicle stopped in intersection in violation of section 545.302(a)(3) of transportation code was unequivocal statement that violation of law was occurring).  Thus, we conclude that Officer Burdick lawfully stopped appellant for a traffic violation after observing appellant's vehicle stopped in an intersection.  *See Vasquez*, 324 S.W.3d at 919.   After Officer Burdick smelled alcohol on appellant's breath and observed his glassy eyes and slurred speech, his detention of appellant was justified because he had reasonable suspicion to believe that another offense—driving while intoxicated—had been or was being committed.  *See id.* at 919–20.

5

**B. Probable Cause to Arrest**

Appellant also contends that there was insufficient probable cause to support his arrest. "Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man as believing that the person arrested had committed or was committing an offense." *Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 880 (Tex. App.—Fort Worth 2009, no pet.) (en banc, op. on reh'g) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "'An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him an awareness of its occurrence.'" *Id.* (quoting *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002)).

Deputy Burdick observed: (1) a strong odor of alcohol on appellant's breath; (2) appellant's eyes were glassy and bloodshot and his speech was slurred; (3) appellant was staggering and could not maintain his balance; (4) an open alcoholic beverage was found in the vehicle; and (5) when asked to perform field sobriety tests, appellant refused to cooperate. Based on the totality of the evidence presented, we conclude that the signs of intoxication observed by Deputy Burdick were sufficient to establish probable cause to arrest appellant. *See Learning v. State*, 227 S.W.3d 245, 249 (Tex. App.—San Antonio 2007, no pet.) (holding officer had probable cause to arrest defendant for driving while intoxicated where officer observed defendant swerve into adjacent lane, smelled alcohol on defendant's breath, and defendant admitted he had been drinking) (citing *Dyar v. State*, 125 S.W.3d 460, 464 (Tex. Crim. App. 2003) (finding probable cause to arrest where driver admitted drinking and officer smelled

6

alcohol and observed slurred speech, unintelligible answers, and red, glassy eyes); *Espericueta v. State*, 838 S.W.2d 880, 881, 883 (Tex. App.—Corpus Christi 1992, no writ) (finding probable cause to arrest where officer smelled alcohol and driver admitted drinking and failed sobriety test)); *see also Hogan v. State*, 329 S.W.3d 90, 96 (Tex. App.—Fort Worth 2010, no pet.) (holding where appellant recklessly drove vehicle, had "strong odor" of alcohol, "bloodshot, watery[,] and heavy eyes," a swayed and unsteady balance, and a staggered walk, and refused to provide a breath specimen, facts were sufficient to show probable cause that appellant committed DWI); *Gilfeather*, 293 S.W.3d at 880–81 (holding there was substantial evidence to show probable cause for DWI when appellee was stopped for speeding, had bloodshot eyes, swayed, smelled like alcohol, and refused to participate in field sobriety tests).

## IV.  CONCLUSION

Viewing the evidence in the light most favorable to the trial court's ruling, *see Valtierra*, 310 S.W.3d at 447, we conclude that the record supports the trial court's denial of appellant's motion to suppress evidence.  We overrule appellant's sole issue and affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of July, 2011.

7