Opinion issued December 8, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00506-CR

———————————

Luke Matthew Teal,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 178th District Court

Harris
County, Texas



Trial Court Case No. 1144223

 



 

CONCURRING
MEMORANDUM OPINION

I respectfully concur in the judgment
only.  Appellant, Luke Matthew Teal, was
charged by indictment with robbery.[1]  Appellant pleaded not guilty.  The jury found appellant guilty, found two
enhancement paragraphs to be “true,” and assessed punishment at 60 years’
confinement.  Appellant argues in two
issues that the trial court erred by (1) not conducting a competency hearing
and (2) denying his request to instruct the jury on the lesser-included offense
of theft.  The State requests that we
modify the judgment to reflect that appellant pleaded not true to the two
enhancement paragraphs.  I disagree with
the majority’s characterization of the parties’ positions and the standard of
review it employs for evaluating the evidence at an informal competency hearing.  Therefore, I concur only in the holding on
that issue.  I join the remainder of the
opinion.

In his first issue, appellant argues the trial
court erred by not conducting a competency hearing during the trial.  The majority states, “Appellant takes the
position that the trial court refused to conduct an informal inquiry [into
appellant’s competency] and that is the posture of the case on appeal,” but,
“We disagree.”  Slip Op. at 5.  The majority argues that, contrary to this
position, the trial court did conduct an informal inquiry into appellant’s
competency “and determined that a full competency hearing was not required.”  Id.
at 6–7.   

Appellant’s first issue, as stated in his brief, is
whether he “was denied due process when the trial court committed reversible
error in proceeding to trial despite compelling evidence of [appellant’s]
incompetence to stand trial.”  I do not
take either appellant or the State to be arguing that the trial court refused
to conduct an informal inquiry into appellant’s competency.  I take appellant to be arguing that a full
competency hearing was justified by the evidence before the trial court at the
informal inquiry and was improperly denied. 
I take the State to be arguing that there was insufficient evidence of
incompetency to justify a full competency hearing and that the trial court
properly denied such a hearing.

Under article 46B of the Texas Code of Criminal Procedure,
“[a] defendant is presumed competent to stand trial and shall be found
competent to stand trial unless proved incompetent by a preponderance of the
evidence.”  Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon
2006).  “A person is incompetent to stand
trial if the person does not have: (1) sufficient present ability to consult
with the person’s lawyer with a reasonable degree of rational understanding; or
(2) a rational as well as factual understanding of the proceedings against the
person.”  Id. art. 46B.003(a); Morris
v. State, 301 S.W.3d 281, 286 (Tex. Crim. App. 2009).  Relevant evidence includes 

whether
the defendant can (1) understand the charges against him and the potential consequences
of the pending criminal proceedings; (2) disclose to counsel pertinent facts,
events, and states of mind; (3) engage in a reasoned choice of legal strategies
and options; (4) understand the adversarial nature of criminal proceedings; (5)
exhibit appropriate courtroom behavior; and (6) testify.

 

Morris, 301 S.W.3d at 286.  A
defendant’s competency to stand trial is a question of fact to be determined by
a competency jury.  Id. at 287.

The issue of competency is raised by a motion made by the
defendant, the State, or the trial court itself suggesting that the defendant
is incompetent to stand trial.  Tex. Code Crim. Proc. Ann. art.
46B.004(a), (b) (Vernon Supp. 2011). 
Upon suggestion of incompetence, the trial court must conduct an
informal inquiry to determine “whether there is some evidence from any source
that would support a finding that the defendant may be incompetent to stand
trial.”  Id. art. 46B.004(c).  If it
determines that there is evidence to support such a finding, the trial court
must order an examination for competency and empanel a jury to conduct a
competency hearing.  Id. art. 46B.005(a), (b) (Vernon 2006); see Morris, 301 S.W.3d at 287.

Here, the suggestion of incompetency was raised twice—first,
by the court at a hearing on motions prior to the commencement of trial on June
7, 2010, and, second, by appellant’s counsel at the commencement of trial two
days later, on June 9.  Both times the
trial court conducted an informal inquiry, reviewed the evidence of
incompetency before it, and found no evidence to justify conducting a full
competency hearing. 

Because appellant had previously been declared incompetent
to stand trial—and subsequently declared competent—the issue before the trial
court was whether there was new evidence of a change in the defendant’s mental
condition since the last determination of competency.  See
Learning v. State, 227 S.W.3d 245, 250 (Tex. App.—San Antonio 2007, no
pet.); Clark v. State, 47 S.W.3d 211,
218 (Tex. App.—Beaumont 2001, no pet.). 
In determining whether a competency hearing is required, “the trial
court is to consider only the evidence tending to show incompetency, and not
evidence showing competency.”  Moore v. State, 999 S.W.2d 385, 393
(Tex. Crim. App. 1999).  The trial court
must “find whether there is some evidence, a quantity more than none or a
scintilla, that rationally could lead to a determination of incompetency.”  Id.;
see also Tex. Code Crim. Proc. Ann. art. 46B.004(c) (requiring trial
court to determine whether there is “some evidence from any source” supporting
finding of incompetency).  The law in
effect at the time of appellant’s trial provided that a competency hearing was
not required unless “ the evidence was sufficient to create a bona fide doubt in the mind of the judge
whether the defendant meets the test of legal competence.”  Moore,
999 S.W.2d at 393; see Montoya v. State,
291 S.W.3d 420, 424 (Tex. Crim. App. 2009); Alcott
v. State, 51 S.W.3d 596, 599 n.10 (Tex. Crim. App. 2001).[2]  A bona fide doubt exists “if the defendant
exhibits truly bizarre behavior or has a recent history of severe mental
illness or at least moderate mental retardation.”  Montoya,
291 S.W.3d at 425.  

A reviewing court “cannot ignore the trial court’s
first-hand factual assessment of appellant’s mental competency.”  McDaniel
v. State, 98 S.W.3d 704, 713 (Tex. Crim. App. 2003).  A trial court’s factual findings are entitled
to great deference by the reviewing court. 
Id.  Thus, appellate courts review denials of a competency
hearing for an abuse of discretion.  Montoya, 291 S.W.3d at 426.  The appellate court does not substitute its
own judgment for that of the trial court, but rather determines whether its
decision was arbitrary or unreasonable.  Id.

Here, during the trial court’s pre-trial motions hearing,
appellant began persistently declaring “I’m God” until he was escorted out of
the courtroom.  Because appellant’s
behavior indicated that perhaps he was incompetent to stand trial, the visiting
judge who tried appellant’s case reviewed appellant’s medical records that had
been presented to the previous judge, who had determined that appellant was
competent when he was brought to trial two months earlier, in April 2010.  Because of appellant’s behavior, that trial
had been postponed to the next earliest date in June.  Based on appellant’s medical records and his
own interviews of appellant’s attorney, who confirmed that appellant had not claimed
to be God when conferring with his counsel, and the bailiff, who had had access
to appellant for months, the visiting judge determined that, while appellant
was “proclaiming to be a Deity at this particular juncture, he is competent to
go forward.”  The court permitted a
recess, however, to permit appellant’s counsel to visit with his client.

Following the recess, and outside the presence of the
jury, the judge read into the record the results of his review of appellant’s
medical records, namely that, at the time of appellant’s competency hearing,
“there were indications that because of his unwillingness to participate in the
competency evaluation the doctors were unable to deliver the usual forensic
warnings” and that “[t]hroughout all of the documents that I have reviewed it
appears that [appellant] has been less than forthcoming and cooperative,”
although “not primarily because of a mental illness.”  Rather, the document showed that, throughout
his two prior admissions to the Rusk State Hospital, appellant had a
“consistent pattern of claiming fabricated memory problems and fictitious
psychotic symptoms,” indicating malingering. 
The doctor had stated that appellant’s case was “very difficult,”
primarily because of his “uncooperative nature.”  Although he was very “aggressive on the unit,
he behaved appropriate[ly] in a Court hearing and clearly was able to conform
his behavior to the Court’s standards of decorum,” indicating that he was not
mentally retarded.  The records also
stated that, although it was possible that appellant had a mental illness, the
exact nature and severity of the illness could not be determined “because of
the extent of his symptom exaggeration and refusal to cooperate with the
attempts to obtain accurate information.” 
Appellant had no difficulty, however, in cooperating with others when it
was apparent that it was in his best interests, including cooperating with
legal counsel.

The trial judge confirmed with appellant’s counsel that
appellant was presently competent to assist his counsel in the trial of his
case, based on his counsel’s three interviews with appellant immediately prior
to trial.  The judge then determined,
based on all the evidence before him, that there was “no evidence before me
that would indicate that Mr. Teal is not competent to go forward other than his
acting out in court and claiming to be the Deity earlier this morning.”  Therefore, he found appellant presently
competent to stand trial. 

Two days later, on June 9, the day the trial was scheduled
to begin, appellant cut himself twice and was taken to a clinic and then to
MHMRA.  The first time, he was returned
to his jail cell, and the second time he was taken to court.  The court was informed that he had cut
himself on the day his trial had previously been scheduled in April, resulting
in postponement of the trial to June. 
Appellant’s counsel objected to the trial’s going forward and was
overruled.  The trial court found, based
on the evidence before him, that appellant was malingering, observed that
appellant was behaving appropriately, and admonished him that he could be held
in contempt if he disrupted the trial. 
The court then brought in the jury.

The suggestion of incompetency in this case was based on
appellant’s disruptive behavior in court, his proclaiming himself to be God,
and his cutting himself when trial was called. 
Taking into account the fact findings of the trial court and its
opportunity to observe appellant, and giving great deference to those findings,
I would conclude that the trial court correctly found that appellant failed to
produce more than a scintilla of evidence of truly bizarre behavior, or of a
recent history of severe mental illness, or of moderate mental retardation
sufficient to raise a bona fide doubt in the mind of the judge as to
appellant’s competence to stand trial.  See McDaniel, 98 S.W.3d at 713; Montoya, 291 S.W.3d at 425.  Therefore, like the majority, I would hold
that the trial court did not abuse its discretion in denying appellant’s
request for a full competency hearing, and I would overrule appellant’s first issue.

However, I disagree with the majority that the standard of
review established by Moore requires
the trial court to disregard all evidence that tends to show that the acts
relied upon by the defendant to show incompetence are not acts that actually
demonstrate incompetence to stand trial and are, therefore, no evidence of
incompetence.  I believe that the
majority has misconstrued Moore’s
holding that, at an informal competency hearing, “the trial court is to
consider only the evidence tending to show incompetency, and not evidence showing
competency, in order to find whether there is some evidence, a quantity more
than none or a scintilla, that rationally could lead to a determination of
incompetency.”  Moore, 999 S.W.2d at 393.  

The majority requires that the defendant’s outbursts and
acts of cutting himself be viewed and judged as acts that do or do not
demonstrate incompetency per se rather than being viewed or judged in the
context of all of his behavior as reflected in the record to determine whether
they were actually acts of incompetency or not, and thus are competent evidence
sufficient to raise a bona fide doubt in the judge’s mind regarding appellant’s
competency.  Thus, the majority
disregards the clinical records examined by the trial court, the testimony of
the custodian, the testimony of his attorney as to his ability to communicate,
and appellant’s prior history of cutting himself when trial was called.  

The majority’s review is contrary to the Court of Criminal
Appeals’ review in Moore itself, in
which the court analyzed the defendant’s outbursts by reference to their
context, stating, 

While
appellant’s comments were inappropriate violations of court decorum, they do
not constitute evidence of his inability to communicate with counsel, or
factually appreciate the proceedings against him.  To the contrary, appellant’s outbursts were
timely, topical, and logically related to the questions and answers offered
during the examination of other witnesses.

 

Id. at 395.  The court then
went on to review the appellant’s mental history and other behavior at trial
that showed his behavior to be knowing and intelligent.  Id.
at 395–96.  The court concluded:

[T]here
is no easy test for determining when evidence meets the deceptively simple bona fide standard.  Nevertheless, as to appellant’s comments and
outbursts, mental health history, and decision to represent himself during
portions of the trial, the record supports the trial judge’s conclusion that
there was no bona fide doubt as to
appellant’s competency to stand trial. 
Hence, the trial court was not required to conduct a competency hearing.


 

Id. at 396–97.  Because the
majority does not review the evidence of incompetency in context to determine
whether it was actual evidence of incompetence or not, it necessarily disregards as irrelevant the trial court’s
factual findings and the evidence needed to establish the elements of
incompetence, namely the inability to communicate with counsel.  See McDaniel,
98 S.W.3d at 713.  In my view, the
majority has applied an incorrect standard of proof under Moore, the controlling case.

Finally, the majority also implies that if a defendant has
previously been found incompetent, then found competent, he cannot be found
incompetent again by doing the same kinds of acts showing the same type of
illness for which he was found incompetent the first time, as such acts do not
establish “a new change in his mental condition since his last determination of
competency.”  Slip Op. at 8.  On this reasoning, a schizophrenic patient
who is declared competent when he is taking his medication cannot subsequently
be found incompetent when he quits taking his medication and relapses.  Again, this holding is inconsistent with Moore.




 

Because I disagree with the reasoning by which the
majority reached the conclusion that no competency hearing was required in this
case, I respectfully concur in the judgment only on this issue.   

I join the remainder of the panel’s opinion. 

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

 

Justice Keyes, concurring in part.

 

Do not publish.   TEX. R. APP.
P. 47.2(b).











[1]           See Tex. Penal Code Ann. §§ 29.02(a),
31.03(a) (Vernon 2011).





[2]           Effective September 1, 2011, a new subsection was added to
article 46B.004 of the Texas Code of Criminal Procedure.  See
Act of May 19, 2011, 82nd Leg., R.S., ch. 822, § 2, 2011 Tex. Sess. Law
Serv. 1893, 1893 (West) (to be codified at Tex.
Code Crim. Proc. Ann. art. 46B.004(c–1)).  The new subsection states, in part, that “the
court is not required to have a bona fide doubt about the competency of the
defendant.”  Id.  I agree with the
majority that we do not need to determine the effect, if any, of this language
to denials of requests for competency hearings because this subsection was not
in effect at the time of the hearing.  See Tex.
Const. art. I, § 16 (prohibiting enactment of retroactive laws).