

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00384-CR

The **STATE** of Texas,
Appellant

v.

Desiree Renee **GOMEZ**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 542323
Honorable John Longoria, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: March 13, 2019

REVERSED AND REMANDED

The State appeals an order granting Desiree Renee Gomez's motion to suppress. The State argues the trial court's order is erroneous on its sole ground that Gomez was arrested without probable cause. Because we agree, we reverse and remand for further proceedings.

### BACKGROUND

Gomez was charged by information and complaint with operating a motor vehicle in a public place while intoxicated. Gomez filed a motion to suppress the evidence obtained after she

was arrested. Although the motion to suppress raises numerous grounds, the sole ground Gomez argued at the suppression hearing was that she was arrested without probable cause.

At the suppression hearing, the trial court considered testimony and other evidence. Christopher Garcia, an officer with the San Antonio Airport Police Department, was the only witness to testify, and the trial court admitted a police report, two Google Maps images the trial court found were unhelpful, and a video recording from Officer Garcia's body camera showing the events leading up to Gomez's arrest. The video recording shows Gomez had parked her car facing the wrong direction at the exit of an airport parking lot at 2:20 a.m. on a Saturday. Gomez was asleep at the wheel. According to Officer Garcia's testimony, the engine was running. The video recording shows Gomez was unresponsive after Officer Garcia pulled up to her car, shined a light into her car, and tried verbally to wake her. Officer Garcia testified Gomez awoke when he touched her on the shoulder. The video recording shows that when Gomez awoke, she stared blankly ahead, grabbed and started moving the steering wheel, and tried to shift the car into gear to drive forward. The video recording further shows Gomez was generally slow to respond to Officer Garcia's questions, and she mumbled responses indicating she was not aware she was in the airport parking lot. Gomez initially gave Officer Garcia several false answers to his questions as to where she was coming from and whether she had anything to drink. Gomez ultimately admitted she had come from a party and had been drinking alcohol, and Officer Garcia smelled the odor of alcohol. Gomez also refused to submit to field sobriety tests.

At the close of the hearing, the trial court concluded there was no probable cause for the arrest, and granted the motion to suppress. The trial court entered findings of fact and conclusions of law. Specifically, the trial court made the following findings:

- The State stipulated that this was a warrantless arrest.

- Officer Garcia testified that around 2:20 in the morning on [Saturday] April 14, 2017, he noticed a vehicle parked near the red lot public area. The vehicle was running with its headlights on. The car was parked trying to enter the parking lot through one of the exits. Officer Garcia testified that the bar that goes up when an individual pays to exit was down on the hood of the car.

- When Officer Garcia approached the car the defendant was asleep at the wheel and not moving. The transmission of the car was in park and the window was down.

- Officer Garcia tapped the defendant's shoulder and woke her up. He indicated that she stared blankly ahead and grabbed the steering wheel.

- Officer Garcia first asked the defendant where she was coming from. He did not ask any medical questions, such as whether the defendant was suffering from any medical conditions or whether she had a head injury. Officer Garcia did not inquire whether the defendant needed medical assistance.

- Officer Garcia testified that he smelled a strong odor of intoxicants coming from inside the vehicle. He testified that he didn't get a good glimpse at her eyes. He did not testify as to the redness of her eyes. Officer Garcia made no other observations regarding the defendant's eyes indicating classic signs of intoxication.

- Officer Garcia testified that he asked the defendant for her license. The defendant was unable to find it. She was able to give her name and date of birth correctly.

- Without asking any medical questions, Officer Garcia asked if the defendant had been drinking and what, offering possible suggestions for answers and she indicated that she had a single margarita, gesturing that it was a small one. He did not confirm whether the defendant had blood sugar issues or was diabetic.

- Officer Garcia asked the defendant to get out of the car. She complied. She had no problems getting out of the vehicle, didn't fall, and "looked okay" in the officer's words.

- The officer did not testify as to the classic descriptions used by officers that someone is intoxicated, such as slurred speech, red or bloodshot eyes, unsteady on her feet.

- Officer Garcia later described the defendant as "alert" as far as awake and talking to him.

- There was improvement in the defendant's speech and demeanor over time, consistent with a person who has been woken up.

- Officer Garcia then placed the defendant under arrest.

The trial court made the following conclusion of law:

> Because the officer did not describe in his testimony that the defendant was unsteady on her feet or have blood shot, red, or watery eyes nor attempt to qualify the defendant for the Horizontal Gaze Nystagmus, the court is of the belief that the officer had reached a conclusion immediately upon smelling the odor of alcohol. The court has an issue with the credibility of the witness in that the video demonstrates an improvement in the defendant's demeanor as time passes, and she becomes more lucid the further she is awake. She was able to give her date of birth and other numbers accurately. The officer in this case made no attempt to rule out a medical issue. The court discounts the odor of alcohol as a determining factor for arrest, as the officer did not eliminate any other possible explanations for the odor or the defendant's sleepiness. It appears that the officer's decision to arrest was premature, particularly due to the defendant's appearance improving over time. As referenced above, the court finds that portions of the arresting officer's testimony pertaining to probable cause were not credible, as the officer had reached a predetermined conclusion without investigating other possible causes of the defendant's behavior.

On appeal, the State argues the trial court erred by concluding Officer Garcia lacked probable cause to arrest Gomez.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We review a trial court's conclusions of law de novo. *Id.* at 328. If a trial court's fact findings are supported by the record or are based on the evaluation of witness credibility and demeanor, we should afford them almost total deference. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). "The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). When the trial judge makes express findings of fact, we view the evidence in a light most favorable to the ruling and determine whether the evidence supports the findings. *Id.*

Although we must defer to the trial court's findings on whether or what a witness actually saw or heard that is recorded on a video tape, we "may review *de novo* 'indisputable visual evidence' contained in a videotape." *State v. Duran*, 396 S.W.3d 563, 570–71 (Tex. Crim. App. 2013). In determining whether the trial court erred in its ruling a motion to suppress, we may also consider indisputable visual evidence in a video recording, even if the trial court did not refer to the evidence in its findings of fact. *See, e.g.*, *Miller v. State*, 393 S.W.3d 255, 263–64 (Tex. Crim. App. 2012) (considering indisputable visual evidence in addition to trial court's findings).

## PROBABLE CAUSE

"Probable cause exists where the officer possesses a reasonable belief, based on facts and circumstances either within the officer's personal knowledge or about which the officer has reasonably trustworthy information, that an offense has been or is being committed." *Learning v. State*, 227 S.W.3d 245, 249 (Tex. App.—San Antonio 2007, no pet.) (citing *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005)). To determine whether probable cause existed at the time of an arrest, we apply a "totality of the circumstances" test. *Id.* When the totality of the circumstances give rise to multiple reasonable theories, the evidence showing probable cause is not required to exclude every other reasonable hypothesis. *Cf. State v. Stone*, 137 S.W.3d 167, 177 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (applying probable cause test in context of a search warrant).

The State argues there was probable cause that Gomez was operating or had operated a motor vehicle in a public place while intoxicated. *See* TEX. PENAL CODE § 49.04(a). The trial court's findings of fact and conclusions of law establish it was within Officer Garcia's personal knowledge that Gomez was operating a motor vehicle in a public place. Thus, whether there was probable cause turns on whether Officer Garcia possessed a reasonable belief, based on facts and circumstances, that Gomez was intoxicated. In this context, intoxicated means either having "an

alcohol concentration of 0.08 or more" or "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." *Id.* § 49.01(2).

Facts and circumstances that can support a reasonable belief a person is intoxicated include any traffic offenses committed in the officer's presence, "post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, any admissions by the defendant concerning what, when, and how much he had been drinking." *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010). The time of day, an odor of alcohol, and a refusal to perform field sobriety tests are also facts and circumstances to consider. *See Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref'd) (refusal to perform tests); *Holmes v. State*, 795 S.W.2d 815, 817 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (time of day and odor of alcohol).

The evidence at the suppression hearing supports the trial court's findings of fact that Gomez's appearance and demeanor improved as time passed; Officer Garcia did not ask whether Gomez suffered from any medical conditions; and he did not observe that she had bloodshot eyes or was unsteady on her feet. We conclude the trial court erred by not giving weight to the odor of alcohol based on Officer Garcia not eliminating other possible explanations because the evidence showing probable cause need not exclude every reasonable, noncriminal explanation of the facts and circumstances known to the officer. *Cf. Stone*, 137 S.W.3d at 177. And, while the trial court's findings identify some facts and circumstances that are not indicative of intoxication, courts must consider the totality of the circumstances. *Learning*, 227 S.W.3d at 249.

The trial court's findings of fact, and the undisputed visual and audio evidence from the video recording, establish the following circumstances related to Gomez's intoxication: Gomez

admitted she was drinking alcohol at a party earlier that evening, and she initially denied drinking and stated she was coming from work. Gomez was the only person in the car, she was asleep at the wheel in an airport parking lot on a Saturday at 2:20 a.m., she was initially mumbling incoherent answers to the officer's questions, and she refused to submit to field sobriety tests before the officer placed her under arrest. Considering the totality of the circumstances, we hold the totality of the facts and circumstances known to Officer Garcia would lead an officer to reasonably believe Gomez was intoxicated. *See Kirsch*, 306 S.W.3d at 745; *Maxwell*, 253 S.W.3d at 314; *Learning*, 227 S.W.3d at 249 *Holmes*, 795 S.W.2d at 817.

## CONCLUSION

Because there was probable cause supporting Gomez's arrest, we reverse the trial court's order granting Gomez's motion to suppress and remand for further proceedings.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH