# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50744
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANK J. NEAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-MJ-668-1
USDC No. 5:16-CR-491-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frank J. Neal appeals his conviction for driving while intoxicated in violation of 18 U.S.C. § 13, the Assimilative Crimes Act, incorporating Texas Penal Code § 49.04. He challenges the district court's decision to uphold the magistrate judge's denial of Neal's motion to suppress evidence obtained following a traffic stop on Lackland Air Force Base. Neal contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50744

officers' decision to conduct a stop of his vehicle was not justified at its inception. Specifically, he argues that the Government did not present sufficient evidence that his failure to maintain a single lane involved unsafe or dangerous movement, and thus the officers did not have a reasonable suspicion that he had violated Texas Transportation Code § 545.060(a).

The two officers who stopped Neal on the night in question testified that, soon after passing the base's entry control point, they observed the left wheels of Neal's vehicle swerve three times across the white dotted line separating the two eastbound lanes of the divided street, with the vehicle driving down the middle of the white line the third time. We view this evidence in the light most favorable to the Government and conclude that the officers reasonably suspected Neal of violating § 545.060(a). *See United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005); *see also Learning v. State*, 227 S.W.3d 245, 248-49 (Tex. App. 2007). Further, any belief by the officers that § 545.060(a) required only failure to maintain a lane (and not, in addition, unsafe movement), even if mistaken, was objectively reasonable. *See Heien v. North Carolina*, 135 S. Ct. 530, 534-40 (2014); *see also Leming v. State*, 493 S.W.3d 552, 556-61 (Tex. Crim. App. 2016) (plurality opinion).

AFFIRMED.