In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00315-CR
_____

THE STATE OF TEXAS, Appellant

V.

IRVING TERAN-CORTES, Appellee

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 17-11-14058-CR

MEMORANDUM OPINION

Appellee Irving Teran-Cortes was charged by indictment with the offense of

online solicitation of a minor. *See* Tex. Penal Code Ann. § 33.021 (West 2016).[1]

_____

[1] Under section 33.021(a)(1)(B) of the Texas Penal Code, "minor" is defined
to include "an individual whom the actor believes to be younger than 17 years of
age." Tex. Penal Code Ann. § 33.021(a)(1)(B) (West 2016). "A person commits an
offense if the person, over the Internet, by electronic mail or text message or other
electronic message service or system . . . solicits a minor to meet another person,
including the actor, with the intent that the minor will engage in sexual contact,

1

Cortes filed a pretrial motion to suppress any evidence resulting from his warrantless arrest. The trial court conducted a hearing on the motion. After the hearing and after receipt of briefing from the parties, the trial court granted the motion to suppress and issued findings of fact and conclusions of law. The State timely filed notice of appeal. In one appellate issue, the State contends that the trial court erred in granting the motion to suppress because the warrantless arrest was supported by probable cause and justified under the offense-within-view and suspicious-places exceptions. The State specifically challenges the trial court's findings of fact numbers 34 through 39:

> 34. The State put on no evidence that the location of the defendant's arrest was a suspicious place.
>
> 35. The location of the Defendant's arrest, at all times referred to in this case, was not a suspicious place.
>
> 36. The State put on no evidence that, in the acts alleged, there was a child involved within the meaning of Texas Penal Code 22.01l(c).
>
> 37. There was no child involved within the meaning of Texas Penal Code 22.01l(c).
>
> 38. The State put on no evidence that the officer witnessed any part of an offense chargeable under Texas Penal Code Chapters 21, 22, or 33, or any other offense.

---

sexual intercourse, or deviate sexual intercourse with the actor or another person." *Id.* § 33.021(c).

2

39. No officer witnessed any part of an offense chargeable under Texas Penal Code Chapters 21, 22, or 33, or any other offense.

The State also challenges the trial court's conclusion of law number 2:

2. The State did not meet its burden of proof in showing that it has an exception to Texas Code of Criminal Procedure 14.01 nor that its arrest was made pursuant to probable cause, as the State did not show the facts surrounding the arrest of the Defendant, to wit: the State put on no evidence from the officer(s) who arrested the defendant. . . .

We reverse and remand.

## Factual Background

The State's only witness at the suppression hearing was Conroe Police Department Detective Jeffrey Nichols (Nichols). Nichols testified that he has nineteen years of experience as an officer and he has spent the past five years assigned to the Internet Crimes Against Children Task Force. In connection with his work on the Task Force, Nichols posted an advertisement on Craigslist that stated:

ok its rainy and it sucks….im tired of sitting in the house with nothin to do…if ur serious hmu…if u want a bunch o pic go elsewhere…anyways hmu and lets do something[.]

The advertisement was marked as State's Exhibit 1 and admitted into evidence without objection.

Nichols testified that he received an email response to the Craigslist advertisement from a person going by username "Carlos Cortez". According to Nichols, in his experience, it is common for people not to use their true names on

3

the internet. Nichols authenticated printed copies of the email and text exchanges with the person who responded to the advertisement, and those items were marked as Exhibits 2 and 3 and admitted without objection. According to Nichols, the same person also sent photos which Nichols ultimately determined were not actually of the Appellee, but according to Nichols such is not uncommon. In the initial email exchange, the person told Nichols "Im interested lets have some fun[]" and Nichols replied, "im 14 but mature[.]" The same person subsequently provided a phone number to Nichols, and Nichols and the person began communicating via text message. Using a law enforcement database, Nichols ran the phone number and determined that the phone number provided by the responding person was registered to "Irving Teran."

Nichols received more messages indicating the person wished to engage in sexual intercourse and that the person wanted to perform oral sex on the minor, and the person inquired about meeting the minor at a hotel for that purpose. The person initially agreed to a meeting on November 8, 2017, at Bull Sallas Park in New Caney. However, to Nichols's knowledge, the person never showed up for the first meeting.

A few days later, the person initiated another text conversation with Nichols in which the person again expressed a desire to meet to engage in sexual contact. On November 14, 2017, Nichols and the person set up another meeting to have sex.

4

Once again, the meeting was to be at Bull Sallas Park. On that date, Nichols and other officers from Conroe and the Constable's office drove in unmarked vehicles to Bull Sallas Park and positioned themselves so they could observe the vehicles driving in and out of the park. Nichols testified that while the officers were at the park "at most, there w[ere] maybe 8 to 10 vehicles in the park." "[R]elatively close[]" to the time Nichols expected the person to arrive, he observed a blue truck pull in, drive to the back of the park, and stop. After requesting another officer to run the truck's license plate, Nichols learned that the truck was registered to someone with the same surname as that associated with the phone number with which Nichols had been communicating—Teran. Upon learning this information, Nichols then instructed "marked units" to detain the truck's occupant, the Appellee.

The trial court expressly found Nichols's testimony credible, and the trial court made other factual findings that appear to be consistent with Nichols's testimony regarding the advertisement on Craigslist, the emails, the telephone and text message communications between Nichols and the other person, as well as the remainder of testimony and exhibits introduced by the State during Nichols's testimony.

The trial court concluded that "[t]he [Appellee's] warrantless arrest was not supported by probable cause[]" and was without statutory authorization under either

5

the offense-within-view or the suspicious-places exceptions to the warrant requirement. *See* U.S. Const. amend. IV, XIV; Tex. Code Crim. Proc. Ann. arts. 14.01 (West 2015), 14.03 (West Supp. 2018), 14.04 (West 2015). The trial court stated

> [t]he State did not meet its burden of proof in showing that it has an exception to Texas Code of Criminal Procedure 14.01 nor that its arrest was made pursuant to probable cause, as the State did not show the facts surrounding the arrest of the Defendant, to wit: the State put on no evidence from the officer(s) who arrested the defendant.

Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). The trial court's judgment will be reversed only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1991) (op. on reh'g). We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We afford a trial court's ruling almost total deference as to historical facts but review the trial court's application of the law to the facts de novo. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (*citing Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App.

6

1997)). If the issue involves the credibility of a witness such that the demeanor of the witness is important, then greater deference will be given to the trial court's ruling on that issue. *Guzman*, 955 S.W.2d at 87. In a motion to suppress hearing, the trial court is the sole trier of fact as to the credibility of the witnesses and the weight to be given to their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Accordingly, the trial court may believe or disbelieve all or any part of a witness's testimony even if that testimony is not controverted. *Id.*

Where, as here, the trial court makes findings of fact, we must determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports the fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We review the trial court's legal rulings de novo unless the fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* We review de novo application-of-law-to-fact questions even when the trial court erroneously frames legal conclusions as factual findings. *See State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim. App. 2008).

In Texas, a warrantless arrest requires both probable cause to believe the person committed an offense plus one of the exceptions outlined in the Texas Code of Criminal Procedure. *Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006); *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005); *State v.*

7

*Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); *see also* Tex. Code Crim.

Proc. Ann. arts. 14.01-14.04 (West 2015 & Supp. 2018).

> "Probable cause" for a warrantless arrest exists if, at the moment the
> arrest is made, the facts and circumstances within the arresting officer's
> knowledge and of which he has reasonably trustworthy information are
> sufficient to warrant a prudent man in believing that the person arrested
> had committed or was committing an offense.

*Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). "Probable cause

exists where the officer possesses a reasonable belief, based on facts and

circumstances either within the officer's personal knowledge or about which the

officer has reasonably trustworthy information, that an offense has been or is being

committed." *Learning v. State*, 227 S.W.3d 245, 249 (Tex. App.—San Antonio

2007, no pet.) (citing *Torres v. State*, 182 S.w.3d 899, 901 (Tex. Crim. App. 2005)).

To determine whether probable cause existed at the time of an arrest, we apply a

"totality of the circumstances" test. *Torres*, 182 S.W.3d at 902. When the totality of

the circumstances gives rise to multiple reasonable theories, the evidence showing

probable cause is not required to exclude every other reasonable hypothesis. *Cf. State*

*v. Stone*, 137 S.W.3d 167, 177 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd)

(applying probable cause test in context of a search warrant) (citing *Geesa v. State*,

820 S.W.2d 145, 155 (Tex. Crim. App. 1991)).

Article 14 of the Texas Code of Criminal Procedure authorizes an officer to arrest a person without a warrant when that person commits an offense in the officer's presence or within his view. Tex. Code Crim. Proc. Ann. art. 14.01(b). And, it also authorizes a warrantless arrest when the location of the arrest was in a suspicious place. *Id.* art. 14.03(a)(1). The State contends that both provisions apply to the facts of this case.

## No Testimony from the Arresting Officer

One of the arguments made by the defendant at the continuation of the suppression hearing in the trial court was that the State had failed to meet its burden to show probable cause because it failed to provide any testimony from an arresting officer. Similarly, the Appellee argues on appeal that the State failed to meet its burden because the "State did not put on any evidence of probable cause for the arrest from the arresting officer[.]" In response to this argument, the State argues on appeal, as it did before the trial court, that it does not have to call the arresting officer as a witness because the "collective knowledge" of the law enforcement at the time sufficiently established probable cause.

## Collective Knowledge Doctrine

The "collective knowledge" doctrine provides that when there is cooperation between law enforcement agencies or officers, "the sum of the information known

9

to the cooperating agencies or officers at the time of an arrest or search by any of the officers involved is to be considered in determining whether there was sufficient probable cause therefor." *Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1984) (op. on reh'g). In January of this year, the Texas Court of Criminal Appeals again examined and applied the "collective knowledge" doctrine to a warrantless arrest in *State v. Martinez*, No. PD-0324-17, 2019 Tex. Crim. App. LEXIS 1 (Tex. Crim. App. January 9, 2019). Martinez was charged with public intoxication and he filed a motion to suppress his warrantless arrest. *Id.* at *1. At the suppression hearing, the arresting officer (Quinn) did not appear or testify. *Id.* at *3. Two other officers (Guerrero and Ramirez) testified that they saw the defendant in a public place, that he was intoxicated, and that he posed a danger to himself or others. *Id.* The trial court concluded that the State failed to meet its burden because it offered no evidence from the arresting officer. *Id.* at *4. The State argued that the collective knowledge doctrine applied because the arresting officer, Officer Quinn, was clearly cooperating with Officers Guerrero and Ramirez. *Id.* at *6. The court of appeals affirmed the trial court and the Court of Criminal Appeals reversed. The Court of Criminal Appeals explained that probable cause for a warrantless arrest under article 14.01(b) may be based on the "collective knowledge" or information known to the

police, and the arresting officer need not be the person who testifies at a suppression hearing regarding the basis for a warrantless arrest. *Id*. at **5, 6, 15-16.

Findings by the Trial Court

The Appellee in the case now before us argues that the State failed to meet its burden because there was no evidence presented at the hearing by the arresting officer and Nichols's testimony is simply no evidence because he was not the arresting officer. The Appellee also contends that there was no evidence presented that showed any officer witnessed any part of an offense chargeable under Texas Penal Code Chapters 21, 22, or 23, and no evidence presented that showed the park in question was a suspicious place.

After examining the entire record as well as the findings of the trial court, we conclude that the trial court's "findings of fact" numbers 34 through 39 are legal conclusions to which this Court owes no deference and must be reviewed de novo. *See Sheppard*, 271 S.W.3d at 286-87 (the existence of probable cause is a legal conclusion to be reviewed de novo); *Dyar v. State*, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003) (reviewing de novo whether the location of the defendant's arrest was a suspicious place under article 14.03); *Guzman*, 955 S.W.2d at 90-91 (reviewing de novo whether a warrantless arrest was justified under article 14.01's offense-within-view provision).

11

We conclude that the trial court erred in concluding that the State failed to meet its burden to establish that the defendant's warrantless arrest was supported by probable cause. Nichols testified that he gave the instructions to the other officers to detain and arrest the Appellee. At the time of his arrest, Nichols had information from a series of online communications, cell phone communications, and text messages, as well as from the information regarding ownership of the cell phone, coupled with the database information for the registration of the vehicle driven by the defendant, along with the appearance of the defendant at the designated place and time for the meeting, indicating to Nichols that the driver of the particular vehicle probably was the suspect who had solicited a minor to meet at the park for sex, and objectively constituted probable cause for Nichols and the other officers, including the arresting officer, to believe that the Appellee was the person who had committed the offense of online solicitation. *See Martinez*, 2019 Tex. Crim. App. LEXIS 1, at **12-16.

We also conclude that the trial court erred in finding that the State failed to show an exception to the warrant requirement. Based on the testimony provided by Officer Nichols, which the trial court found was credible, the State met its burden to show that article 14.01(b)'s "offense committed in his presence or within his view" exception to the warrant requirement applied. *See* Tex. Code Crim. Proc. Ann. art.

12

14.01(b). As explained above, for Nichols, probable cause was clearly established by the time he gave the instruction for the other officers to detain Teran-Cortes. The evidence presented at the hearing established that the officers were cooperating, and even if there was no testimony from the actual officer who arrested the defendant, the arresting officer's "knowledge (whatever it was), in addition to the knowledge" of Officer Nichols was sufficient under the facts and circumstances to establish probable cause. *See Martinez*, 2019 Tex. Crim. App. LEXIS 1, at *15. We note that the uncontroverted testimony from Nichols established that Nichols was present at the park, he gave the directions to the arresting officers, Nichols had personal knowledge of the online and text communications, and Nichols clearly had probable cause to arrest Appellee for online solicitation or a similar offense, as that offense was committed in whole or in part within the presence of or view of Nichols. The State met its burden to show an exception to the warrant requirement under section 14.01(b). We need not determine whether the State also established an exception under section 14.03. *See* Tex. R. App. P. 47.1. The trial court erroneously applied the applicable law to the facts. *See Martinez*, 2019 Tex. Crim. App. LEXIS 1, at *16.[2]

---

[2] We note that the trial court found that the State had put on no evidence that "there was a child involved within the meaning of Texas Penal Code 22.011(c)." *See* Tex. Penal Code Ann. § 22.011 (West 2019) ("Sexual Assault"). Appellee argues

The Appellee also contends that law enforcement could not have established probable cause to arrest him because law enforcement did not know the actual identity of the person that responded to the Craigslist advertisement and it did not learn the "identification of this person as Irving Teran" until after his arrest. The trial court made the following findings pertinent thereto:

> 30. The State put on no evidence that the State knew the identity of Irving Teran-Cortes prior to his arrest on November 14, 2017.

> 31. The State did not know the identity of Irving Teran-Cortes prior to his arrest on November 14, 2017.

The State argues that no law requires that a person be identified by name prior to an arrest. The State contends that Nichols's testimony about the emails, texts, and

---

that probable cause could not exist due to the nonexistence of an actual child. Appellee was not charged under section 22.011, but rather under section 33.021, which does not require the existence of an actual child. *Cf. Chen v. State*, 42 S.W.3d 926, 930 (Tex. Crim. App. 2001) (where appellant was charged with the inchoate crime of attempted sexual performance by a child, what appellant *intended* to accomplish constituted an actual crime and the nonexistence of an actual child did not constitute legal impossibility). As stated by this Court and others,
> "The prohibited conduct is the act of 'soliciting.'" [*Ex parte*] *Zavala*, 421 S.W.3d [227,] 232 [Tex. App.—San Antonio 2013, pet. ref'd)]. The crime of soliciting a minor on the internet under section 33.021(c) is completed at the time of the internet solicitation, and not at some later time if and when the actor actually meets the child. *Id.* (citing [*Ex parte*] *Lo*, 424 S.W.3d [10,] 22-23 [(Tex. Crim. App. 2013)]).

*Ganung v. State*, 502 S.W.3d 825, 829 (Tex. App.—Beaumont 2016, no pet.). To the extent that the trial court's conclusions of law relied on this finding of fact, they were in error.

14

other information that Nichols had gathered about the person who responded to the Craigslist advertisement, which when combined with the other facts, provided a sufficient basis for the officers to believe the driver of the vehicle in question was the suspect which then allowed the officers to stop and detain Irving Teran-Cortes, and then to place him under arrest. We agree. The law does not require the State to identify the suspect by name as a prerequisite to the development of "probable cause" to arrest the individual. *See Guzman v. State*, 955 S.W.2d 85, 86, 90 (Tex. Crim. App. 1997) (upholding warrantless arrest where suspect was identified by appearance and conduct but not by name). Rather, probable cause for an arrest exists when the totality of facts and circumstances within the knowledge of law enforcement would lead a reasonable person to believe that the *suspect* in question has committed, is committing, or is about to commit a crime. *See Beck*, 379 U.S. at 96; *Torres*, 182 S.W.3d at 902.

When Officer Nichols communicated with the arresting officers to detain the driver of the vehicle in question, Nichols knew that the vehicle was registered to a person with the same or similar name as the owner of the cell phone from which the sexually explicit communications were sent, and that the driver of that vehicle appeared at the designated location of the previously arranged meeting at approximately the same time as scheduled, and such circumstantial information and

15

reasonable inferences therefrom pointed to the defendant as the suspect, as opposed to the other "8 to 10 vehicles." *See generally Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (circumstantial evidence is as probative as direct evidence and is sufficient to establish guilt).

We conclude that the trial court erred in granting the motion to suppress, and we sustain the State's appellate issue and reverse and remand to the trial court.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on October 30, 2018
Opinion Delivered May 22, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.