

# NUMBERS 13-15-00191-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KEVIN LEE FARRIS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## On appeal from the 329th District Court of Wharton County, Texas.

# OPINION

### Before Justices Benavides, Perkes and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Kevin Lee Farris appeals his conviction of attempted indecency with a child by sexual contact, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 15.01, 21.11 (West, Westlaw through 2015 R.S.). A jury found appellant guilty, and the trial court sentenced him to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. By four issues, appellant argues: (1) the evidence is

insufficient to support his conviction; (2) the jury charge was erroneous; (3) the trial court erred in failing to conduct a competency hearing; and (4) the trial court erred in denying his motion to quash the indictment. We affirm.

## I. BACKGROUND

Appellant was charged by indictment with attempted indecency with a child by contact as follows:

> [Appellant] in the County and State aforesaid, did then and there, with the specific intent to commit the offense of Indecency with [C.C.][1], do all act, to-wit: sticking his head under a bathroom stall and asking "Do you want to do anything?", which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

Prior to trial, appellant was evaluated by Dr. Michael Fuller in order to determine appellant's competency to stand trial. In his report, Dr. Fuller concluded:

> [Appellant] does, at this time, appear to have the capacity to comprehend and participate in the criminal justice process. He appears to rationally understand the current charges brought against him and their potential implications should he be convicted. He also appears to be able to consult in a rational way with his attorney. Despite the presence of depressive symptoms at this time, it does not appear as though his current depressive episode will hinder his ability to participate in his own defense. He does appear to have average intelligence and adequate knowledge and comprehension.

According to the State's evidence adduced at trial, the twelve-year-old complainant, C.C., had been at baseball practice and was still wearing his little league baseball uniform when he arrived for mass at Our Lady of Mount Carmel Church. During worship, C.C. left to use the bathroom. Appellant was in the bathroom when C.C. entered. After C.C. locked himself in a bathroom stall and sat on the toilet, appellant

---

[1] Due to the age of the child and the nature of the offense, we will refer to the child complainant by pseudonym only.

approached the stall. C.C. first saw appellant's hand touch the ground, and then appellant stuck his head under the stall. C.C. reacted by kicking at appellant. Appellant "moved his head back" and "got up and left the stall," but did not leave the bathroom. Instead of leaving, appellant stood outside C.C.'s bathroom stall. Appellant asked C.C., "Hey, do you want to do anything?" After C.C. threatened to call his dad, appellant fled the bathroom and left the church grounds on his bicycle.

Officer David Hunter initially responded to the disturbance at the church, and on his way to the church, he saw appellant—who matched the description of the suspect— riding his bicycle away from the church. Upon questioning by Officer Hunter, appellant claimed that he "was coming from work and was on his way home," and specifically denied being at the church. After his arrest, appellant admitted that he had been in the bathroom and stated "I peeped [C.C.]."

The jury found appellant guilty as charged and the trial court assessed punishment of ten years' incarceration. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant asserts the evidence was legally insufficient to support his conviction. Appellant contends that his actions were mere preparatory conduct which did not cross the line to criminal conduct.

## A. Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

3

beyond a reasonable doubt.'"  *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). "The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence."  *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)).  Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.  *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.  *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.  *Id.*  The offense of attempted indecency with a child, as alleged in the indictment, requires the State to prove that appellant, with specific intent to commit an offense of indecency with a child, did an act amounting to more than mere preparation that tends but fails to effect the commission of indecency with a child.  *See* TEX. PENAL CODE ANN. §§ 15.01, 21.11.  Under this statute, the constituent elements of the intended offense need not be alleged.  *Boston v. State*, 642 S.W.2d 799, 802 (Tex.

4

Crim. App. 1982); *Cody v. State*, 605 S.W.2d 271, 274 (Tex. Crim. App. 1980); *Williams v. State*, 544 S.W.2d 428 (Tex. Crim. App. 1976).

**B.    Applicable Law**

Texas courts have recognized that there is an "imaginary line" that separates mere preparatory conduct, which is usually noncriminal, from an act which tends to effect the commission of an offense, which is always criminal conduct. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim. App. 1984); *McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1980); *Jones v. State*, 229 S.W.3d 489, 497 (Tex. App.—Texarkana 2007, no pet.).   The legislature did not intend to draw this line at the last proximate act before completing the offense.   *McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1980). "The fact that an appellant could have taken further actions without actually committing the offense does not act so as to render his or her actions nothing more than mere preparation."   *Jones*, 229 S.W.3d at 498 (citing *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex. Crim. App. 1981)).   This imaginary line is determined on a case-by-case basis by considering the nature of the crime attempted.   *Id.* (citing *Gibbons v. State*, 634 S.W.2d 700, 707 (Tex. Crim. App. 1982); *Henson v. State*, 173 S.W.3d 92, 102–03 (Tex. App.— Tyler 2005, pet. ref'd) (holding that defendant's act of soliciting child to help him with work around his house was not more than mere preparation to commit the offense of indecency with a child; however, the defendant's request that the child allow the defendant to commit a sexual act on him was more than mere preparation)).

**C.    Analysis**

The record supports a reasonable conclusion that appellant attempted to commit

indecency with a child. According to C.C., appellant acknowledged him when he first entered the bathroom. Then, appellant occupied the stall next to C.C., stuck his hand, and later his face, underneath the stall's partition. There was no evidence presented showing that C.C. needed assistance or was in distress. After C.C. kicked at appellant, appellant left the stall, and, while still in the bathroom with C.C., asked "[d]o you want to do anything?" C.C. interpreted appellant's question as a request to engage in sexual activity, prompting C.C. to answer that he was calling his father.

In *Henson*, the defendant was convicted of attempted indecency based on a question he asked the complainant. *See* 173 S.W.3d at 102. After shopping at the grocery store where the complainant worked, Henson asked the complainant to help him carry groceries to his truck. *Id.* Henson then asked him if he wanted to make "a quick ten bucks." *Id.* The complainant told him "he did not" and that he had to get back to work. Henson then said, "Well, I can't get stimulation of my male area because of my diabetes so I want to know if I can jack you off for $10.00." *Id.* at 103.

Although appellant was not as overt in his sexual overtones as the defendant in *Henson*, he nevertheless crossed the imaginary line between preparation and attempt. His request, combined with his earlier unwanted intrusion into C.C.'s bathroom stall, supports a reasonable inference that appellant desired sexual contact with C.C. Appellant's final query, which was essentially a proposition to engage in sexual activity, amounted to more than preparation. *See id.*; *Jones,* 229 S.W.3d at 498. Appellant's

words were a positive and direct attempt to effectuate his sexual desires. The evidence is legally sufficient to support appellant's conviction.[2] Appellant's first issue is overruled.

### III. THE JURY CHARGE

By his second issue, appellant claims the trial court erred in overruling his objections to the jury charge during the guilt-innocence phase of the trial. Specifically, appellant alleges error in the jury charge because: 1) it failed to state in the application paragraph whose sexual desire appellant intended to arouse or satisfy; 2) it omitted that the child must be seventeen years of age or younger; and 3) it omitted any statement of what areas of the complainant's body appellant intended to touch or attempted to touch.

### A. Standard of Review

When an appellate court is presented with an argument that a trial court committed jury charge error, the reviewing court must conduct a two-step inquiry: "First, the reviewing court must determine whether the jury charge contains error. Second, the court must determine whether sufficient harm resulted from the error to require reversal." *Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc); *see Benn v. State*, 110 S.W.3d 645, 648 (Tex. App.—Corpus Christi 2003, no pet.). Once an appellate court finds jury-charge error, and where, as here, there has been a timely objection made at trial, an appellate court will search for only "some harm." *Mann*, 964 S.W.2d at 641 (quoting *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994)).

---

[2] Appellant also argues the evidence is insufficient to show appellant knew or should have known C.C. was younger than seventeen. This argument is without merit. The State is not required to allege the constituent elements of the intended offense. *See Boston v. State,* 642 S.W.2d 799, 802 (Tex. Crim. App. 1982). Moreover, the indecency with a child statute does not require the State to prove that a defendant knows that the victim is under the age of 17. *See Johnson v. State*, 967 S.W.2d 848, 849–50 (Tex. Crim. App. 1998).

**B.    Applicable Law**

"[I]n each felony case and in each misdemeanor case tried in a court of record, the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case…"  TEX. CODE CRIM. PROC. ANN. art. 36.14. (West, Westlaw through 2015 R.S.). The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case.  *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).   The charge consists of two parts:   the abstract portion, which tells the jury about the law, and the application portion, which applies the law to the facts and authorizes the jury to act.  *See id.* at 172–74.

**C.    Analysis**

Appellant's arguments focus on the discrepancies between the abstract and application portions of the charge.   He first complains that the application portion failed to include the words "of any person" in specifying whose sexual desire appellant intended to gratify.   Appellant further argues that the application portion of the jury charge omitted the age and prohibited-contact elements.   Appellant claims that this omission lessened the State's burden of proof.

The function of a jury charge is to instruct the jury on the law applicable to the case. *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995) (en banc). The charge consists of the abstract portion and the application paragraph or paragraphs. *Id.*; *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996).   The abstract portion "serve[s] as a kind of glossary to help the jury understand the meaning of concepts and terms used in

8

the application paragraphs of the charge." *Plata*, 926 S.W.2d at 302. The application paragraph applies the law to the facts, and asks an ultimate question of the jury about whether the defendant is guilty. *Id.* at 302–03; *Doyle v. State*, 631 S.W.2d 732, 736-37 (Tex. Crim. App. 1982). Thus the relationship between the two is that definitions and instructions in the abstract portion are like words in a dictionary; their true and correct meaning is not shown until they are properly used in a sentence, i.e., in the application paragraph. *Doyle*, 631 S.W.2d at 737.

The abstract portion of the charge instructed the jury as follows:

A person commits the offense of attempted indecency with a child by contact if the person, with specific intent to commit the indecency with a child by contact, does an act that tends but fails to effect the commission of the indecency with child by contact intended.

A person commits the offense of indecency with a child by contact if the person, with the intent to arouse or gratify the sexual desire of any person, engages in sexual contact with a child younger than seventeen years old by either—

a. any touching of the anus, breast, or any part of the genitals of the child; or

b. any touching of any part of the body of the child with the anus, breast, or any part of the genitals of a person.

In order to prove that the defendant is guilty of attempted indecency with a child by contact, the state must prove three elements beyond a reasonable doubt. The elements are that—

a. the defendant committed an act,

b. the act amounted to more than mere preparation and tended but failed to effect the commission of indecency with child by contact, and

c. the defendant had the specific intent to commit indecency with a child by contact.

9

The application portion of the charge stated:

> You must decide whether the state has proven, beyond a reasonable doubt, three elements. The elements are that—
>
> 1. [appellant] in Wharton County, Texas, on or about April 12, 2014, committed the act of entering a church bathroom, sticking his head under a bathroom stall and asking "Do you want to do anything?";
>
> 2. the act of entering a church bathroom, sticking his head under a bathroom stall and asking "Do you want to do anything?" amounted to more than mere preparation and tended but failed to effect the commission of indecency with a child by contact of [C.C]; and
>
> 3. the defendant had the specific intent to arouse or gratify sexual desire.

Although we find no case analyzing the omission of "any person" for harm, and assuming such omission was error, we conclude that the error was harmless. *See Abdnor*, 871 S.W.2d at 732. Recognizing that appellant offered a timely objection to the jury charge, we apply the "some harm" standard of review. *See Mann*, 964 S.W.2d at 641. In reaching our conclusion, we examine the statute involved and give effect to its unambiguous plain meaning. *See Marshall v. State*, 479 S.W.3d 840, 844 (Tex. Crim. App. 2016). In the indecency statute, the words "any person" are used to broadly describe whose sexual gratification the touching conduct is meant to satisfy. *See* TEX. PENAL CODE ANN. § 21.1. By specifying "any person," the legislature criminalized the touching whether sexual gratification is conveyed to the defendant, the complainant, or some third party. The legislature chose its language in order to cover a broader spectrum of conduct, rather than limit the particular sexual gratification to any specific person. *Id.*

10

In this case, the jury was required to find appellant guilty if he "had the specific intent to arouse or gratify sexual desire." The omission of the words "any person" did not preclude the jury's use of the correct burden of proof or the correct culpable mental state. Under the particular facts of this case, the omission made no difference in the application portion of the jury charge. The record shows that only appellant and complainant were in the bathroom when the alleged conduct took place. Therefore, the jury would have necessarily concluded that appellant intended to arouse or gratify either his, or the complainant's, sexual desire. But who was gratified makes no difference in whether appellant is found guilty. By finding that appellant specifically intended to arouse or gratify sexual desire, the jury implicitly found that such arousal or gratification was for "any person." Moreover, the words "any person" were included in the abstract portion of the charge. Based on the foregoing, we hold that the omission of the words "any person" from the application portion of the jury charge did not result in "some harm" to appellant. *See Abdnor*, 871 S.W.2d at 732.

With respect to the charge's omission of the complainant's age and area of the body appellant intended to touch, we conclude that such omission was not error. After defining the offense of indecency with a child by contact as alleged in the indictment, the abstract portion defined "attempt" with the element of specific intent. The application portion of the charge referred to indecency with a child by contact, which included the requisite definitions of age and inappropriate touching. "It is unnecessary and unworkable to repeat every abstract definition in the application paragraph." *Crum v. State*, 946 S.W.2d 349, 356 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (citations

11

omitted); *see Dinkins,* 894 S.W.2d at 339 (holding jury charge not defective where abstract portion of charge defined aggravating murder's culpable mental state while application paragraph did not). Because the jury charge's abstract portion included the required age definition of the child and the prohibited areas of touching, the application paragraph was not defective. *See Dinkins*, 894 S.W.2d at 339. Appellant's second issue is overruled.

## IV. COMPETENCY

By his third issue, appellant claims the trial court erred in failing to conduct a competency hearing.

### A. Standard of Review

We review a complaint that the trial court erred in not conducting an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute as stated in Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). A trial court's first-hand factual assessment of a defendant's competency is entitled to great deference on appeal. *Ross v. State*, 133 S.W.3d 618, 627 (Tex. Crim. App. 2004). "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West, Westlaw through 2015 R.S.).

### B. Applicable Law

"A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner,* 422 S.W.3d at 688. And "[t]his constitutional right cannot be

12

waived by the incompetent—by guilty plea or otherwise." *Bouchillon v. Collins*, 907 F.2d 589, 592 (5th Cir.1990) (internal quotations omitted). "[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense, may not be subjected to trial." *Turner*, 422 S.W.3d at 688–89 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). Thus, a defendant is incompetent to stand trial if he does not have a sufficient present ability to consult with his lawyer with a reasonable degree of understanding or a rational, as well as factual, understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a).

Any "suggestion" of incompetency to stand trial calls for an "informal inquiry" to determine whether evidence exists to justify a formal competency trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West, Westlaw through 2015 R.S.) ("On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial."). "Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by article 46B.024 or on any other indication that the defendant is incompetent within the meaning of article 46B.003." *Id.* The 46B.024 factors include whether the defendant can: "(A) rationally understand the charges against [him] and the potential consequences of the pending criminal proceedings; (B) disclose to counsel pertinent facts, events, and states of mind; (C) engage in a reasoned choice of legal strategies and options; (D) understand the adversarial nature of criminal proceedings; (E)

13

exhibit appropriate courtroom behavior; and (F) testify." *Id.* art. 46B.024(1) (West, Westlaw through 2015 R.S.).

**C.    Analysis**

Appellant points to various portions of his pre-trial competency evaluation as evidence of his alleged incompetence. According to the evaluation prepared by Dr. Fuller, appellant understood the charges against him, understood the adversarial nature of the criminal justice system, provided a full and detailed account of the events leading to his arrest, demonstrated knowledge of his case and available options, and possessed an ability to testify and communicate with counsel. Essentially, Dr. Fuller's competency evaluation tracked the factors found in article 46B.024. *See id.* art. 46B.024(1). After noting that appellant possessed average intelligence and adequate knowledge and comprehension, Dr. Fuller concluded that appellant was competent to stand trial.

During trial, no suggestion was made during the court proceedings which would indicate appellant's mental state had deteriorated to the point of being incompetent. We find no evidence in the record suggesting that appellant lacked "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against [him]." *See id.* art. 46B.003(a).

Based on the record, the trial court could have reasonably found that appellant was competent to stand trial. Accordingly, we conclude the trial court did not abuse its discretion in not sua sponte conducting an informal inquiry regarding appellant's

14

competency to stand trial and in not making any further finding on competence before proceeding.   Appellant's third issue is overruled.

## V.   THE INDICTMENT

By his fourth issue, appellant argues the trial court erred in denying appellant's motion to quash the indictment.   Specifically, appellant asserts that the indictment's failure to allege the elements of indecency with a child by contact constitutes a failure to give adequate notice of the charges against him.

### A.   Standard of Review & Applicable Law

The sufficiency of a charging instrument presents a question of law that we review de novo.   *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010).   The right to notice of pending criminal charges is set forth in both the United States and Texas constitutions.   U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).   In order to satisfy the defendant's constitutional right to notice, an indictment must be specific enough to inform him or her of the nature of the accusation such that the accused can prepare a defense.   TEX. CODE CRIM. PROC. ANN. art. 21.11 (West, Westlaw through 2015 R.S.); *Moff*, 154 S.W.3d at 601. The indictment should state everything that is necessary to be proven.   TEX. CODE CRIM. PROC. ANN. art. 21.03 (West, Westlaw through 2015 R.S.).

Generally, when an indictment tracks the language of a penal statute, it will satisfy constitutional and statutory requirements.   *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (State need not allege facts that are merely evidentiary in nature).   In the context of a motion to quash, we look to whether the indictment facially alleges the

15

elements of the offense; we do not look at the evidence supporting the indictment. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (opinion on reh'g); *State v. Clarke*, 880 S.W.2d 854, 854–55 (Tex. App.—Corpus Christi 1994, pet. ref'd).

An indictment for a criminal attempt need not set out the elements of the offense intended. *See Boston,* 642 S.W.2d at 801; *Jones v. State*, 576 S.W.2d 393, 395 (Tex. Crim. App. 1979). An indictment for attempt is not subject to a motion to quash for failure to allege the specific intent to commit the offense attempted where "attempt" was used in the indictment. *See Smith v. State*, 571 S.W.2d 168, 169 (Tex. Crim. App. 1978).

## B.    Analysis

Appellant concedes that the indictment tracks the language of criminal attempt. *See* TEX. PENAL CODE ANN. § 15.01(a). Appellant, however, claims that the indictment must describe with specificity which of the complainant's body parts he allegedly intended to touch, whether appellant attempted to satisfy sexual desire, and whether the complainant was under seventeen. Such allegations are not required. As long as the indictment charging an attempt alleges every element of the offense—the conduct, the culpable mental state, and the required result—and each element is alleged either in the language of section 15.01, or by words conveying the same meaning as the statutory words, the indictment is sufficient. *See Boston,* 642 S.W.2d at 801.

Here, the indictment alleges that appellant "did then and there, with the specific intent to commit the offense of Indecency with Child by Contact against [C.C.], do an act, to-wit: entering a church bathroom, sticking his head under a bathroom stall and asking

16

'Do you want to do anything?', which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended."

The indictment, which sufficiently tracked the language of section 15.01, included the conduct, the culpable mental state, and the result. We conclude that the indictment is sufficient to charge appellant with intent to commit indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 15.01; *see also Ex parte Prophet*, 601 S.W.2d 372, 373–74 (Tex. Crim. App. 1980) ("intent to commit rape" was sufficient allegation of culpable metal state in indictment for attempted rape); *Sanders v. State*, 642 S.W.2d 860, 862–63 (Tex. App.—Fort Worth 1982, pet. ref'd) (indictment for attempt to commit murder that followed section 15.01 was sufficient.). Appellant's fourth issue is overruled.

## VI.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Publish
TEX. R. APP. P. 47.2 (b)

Delivered and filed the
1st day of September, 2016.

17