

**NUMBER 13-19-00087-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**LIBRADO COLON,**                                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                              **Appellee.**

### On appeal from the 138th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Longoria**

Appellant Librado Colon was convicted of continuous sexual abuse of a young child, a first-degree felony, *see* TEX. PENAL CODE ANN. § 21.02, indecency with a child by sexual contact, a second-degree felony, *see id.* § 21.11(a)(1), and indecency with a child

by exposure, a third-degree felony, *see id.* § 21.11(a)(2). By three issues on appeal, Colon argues that "the jury instructions violate Ex Post Facto" (issue one) and "the indictment and jury instructions is [sic] contrary to law" because the State did not plead and prove a culpable mental state (issues two and three). We affirm.

## I. BACKGROUND

Count I of the State's indictment alleged that:

> when [Colon] was 17 years of age or older, [he] committed two or more acts of sexual abuse against P.C., a pseudonym, a child younger than 14 years of age and not the spouse of the defendant, said acts of sexual abuse having been violations of one or more of the following penal laws, including:
>
>> Indecency with a Child [sic] under section 21.1(a)(1), namely, did then and there with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact with P.C., a pseudonym, by touching the genitals of P.C., a pseudonym,
>>
>> AND/OR
>>
>> Indecency with a child under section 21.11(a)(1), namely, did then and there with the intent to arouse or gratify the sexual desire of said defendant, cause P.C., a pseudonym, to engage in sexual contact by causing the said P.C., a pseudonym, to touch the genitals of the defendant,
>>
>> AND/OR
>>
>> Aggravated sexual assault of a child, under section 22.021, namely, then and there intentionally or knowingly cause the penetration of the sexual organ of P.C., a pseudonym, by the defendant's finger,
>>
>> AND/OR
>>
>> Aggravated sexual assault of a child under section 22.021, namely, did then and there intentionally or knowingly cause the mouth of P.C., a pseudonym, to contact the sexual organ of the defendant,

Count II of the indictment alleged that Colon

> did then and there, with the intent to arouse or gratify the sexual desire of the defendant, engage in sexual contact with P.C., a pseudonym, hereafter

2

styled the complainant, by touching the breast of the complainant, a child younger than 17 years of age,

And Count III alleged that Colon

did then and there, with the intent to arouse or gratify the sexual desire of the defendant, expose the defendant's genitals, knowing that P.C., a pseudonym, a child younger than 17 years of age, was present.

*See id.* §§ 21.02, 21.11(a)(1), (a)(2).

Colon pleaded not guilty and proceeded to trial. The jury found Colon guilty on all three counts. Because the trial court made an affirmative finding on the State's enhancement allegations concerning Colon's two prior felony convictions, including a prior conviction for indecency with a child, it assessed punishment at forty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Count I, life imprisonment for Count II, and life imprisonment for Count III. This appeal followed.

## II. EX POST FACTO LAWS

In his first issue, Colon argues that the jury instructions "violate Ex Post Facto."

### A. Standard of Review & Applicable Law

Ex post facto laws are forbidden by both the federal and Texas constitutions. *Holcomb v. State*, 146 S.W.3d 723, 730 (Tex. App.—Austin 2004, no pet.) (citing U.S. CONST. art. I, §§ 9, 10; TEX. CONST. art. I, § 16). "The term *ex post facto* law literally means any law passed after the fact or commission of an act, which retrospectively changes the consequences of such act." *Grimes v. State*, 807 S.W.2d 582, 584 (Tex. Crim. App. 1991) (internal citations omitted). More specifically, an ex post facto law is one that

(1) punishes as a crime an act previously committed which was innocent when done, (2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed, (3) deprives a

3

person charged with a crime of any defense available at the time the act was committed, or (4) alters the legal rules of evidence, and receives less or different testimony than the law required at the time of the commission of the offense in order to convict the offender.

*Holcomb*, 146 S.W.3d at 730–31.

However, the prohibition against ex post facto laws is "directed at the Legislature, not the courts." *Ex parte Heilman*, 456 S.W.3d 159, 165 (Tex. Crim. App. 2015) (citing *Ortiz v. State*, 93 S.W.3d 79, 91 (Tex. Crim. App. 2002). Thus, when assessing a claim based on the Ex Post Facto Clause, we must look for some "legislative origin of the alleged violation." *See id.*

**B. Analysis**

Colon complains that the court's charge to the jury violated the constitutional mandate regarding ex post facto laws. Count I of the indictment alleges that Colon committed the acts of sexual abuse between June 1, 2008 and May 1, 2015. The charge, in defining continuous sexual abuse of a young child, states that a party can commit the offense "regardless of whether the actor knows the age of the victim at the time of the offense." This language was not added to § 21.02 until 2017. *See* Act of May 26, 2017, 85th Leg., R.S., ch. 1038, § 2, sec. 21.02(b)(2), 2017 TEX. GEN. LAWS 4072, 4072 (to be codified at TEX. PENAL CODE ANN. § 21.02(b)).

Essentially, Colon is arguing that the trial court erroneously applied the 2017 amendment retroactively in the jury instructions.[1] However, Colon does not allege that § 21.02 itself violates the Ex Post Facto Clause. Thus, Colon's fist issue must fail because there is no legislative origin of the alleged violation and "[o]nly the legislature can violate

---

[1] We address Colon's issues regarding the jury charge *infra* section III.

either the federal or state *Ex Post Facto* Clause." *Ex parte Heilman*, 456 S.W.3d at 165;

*see Harber v. State*, No. 04-17-00595-CR, ___, S.W.3d ___, ___, 2019 WL 3642658, at

*2–3 (Tex. App.—San Antonio Aug. 7, 2019, pet. ref'd). We overrule Colon's first issue.

### III. CHARGE ERROR

In his second issue, Colon argues that the jury charge was defective because it

did not allege a culpable mental state for continuous sexual abuse of a young child.[2] In

his third issue, Colon argues that the jury instruction referred to above was erroneous

because it allowed the culpable mental state to be proven without showing that Colon

knew the age of the victim.

### A. Standard of Review & Applicable Law

The standard of review for alleged jury-charge errors depends on whether the

defendant properly objected. *See Farris v. State*, 506 S.W.3d 102, 108 (Tex. App.—

Corpus Christi–Edinburg 2016, pet. ref'd). If an objection has been preserved, we must

reverse if the appellant suffered "some harm." *Id.* If no objection was made, then reversal

is required only if the appellant suffered egregious harm. *See Ferreira v. State*, 514

S.W.3d 297, 300 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

In a jury trial, the court must deliver to the jury "a written charge distinctly setting

forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14. "The

purpose of the jury charge is to inform the jury of the applicable law and guide them in its

application to the case." *Farris*, 506 S.W.3d at 108. Under § 6.02(b) of the Texas Penal

Code, "[i]f the definition of an offense does not prescribe a culpable mental state, a

---

[2] Colon also argues that the indictment was defective for the same reason. However, he did not object to the indictment before trial; therefore, that issue is not preserved for our review. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b).

5

culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." TEX. PENAL CODE ANN. § 6.02(b). The Houston courts of appeals have analyzed how this applies to the offense of continuous sexual abuse of a young child as defined in § 21.02:

> Section 21.02, however, is defined in terms of other acts that *by their terms* require a culpable mental state. Section 21.02's express requirement that these acts be committed is therefore functionally indistinguishable from an express requirement of the mental state essential to their commission. Section 21.02 need not prescribe some additional mental state because its *actus reus* is merely the repeated commission of acts already requiring culpable mental states. It follows that section 6.02, which by its terms applies only to statutes that do not set forth a culpable mental state, is inapplicable to section 21.02.

*Buxton v. State*, 526 S.W.3d 666, 684 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (quoting *Lane v. State*, 357 S.W.3d 770, 776 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)).

**B. Separate Culpable Mental State for Continuous Sexual Abuse of a Young Child**

Colon argues in his second issue that the jury charge was erroneous because it did not require the jury to find a separate culpable mental state for continuous sexual abuse of a young child. Colon argues that § 6.02(b) requires the State to prove a separate culpable mental state for § 21.02. Colon concedes that the courts in *Buxton* and *Lane* have rejected very similar arguments at least "in a limited way." Nevertheless, Colon relies on *Elonis v. United States*, 575 U.S. 723, 725 (2015) to assert that continuous sexual abuse of a young child is a separate crime requiring proof of separate elements. We find Colon's argument unpersuasive.

The indictment and the jury charge in the present case clearly state that the aggravated sexual assault and indecency with a child constitute the predicate acts for the

6

offense of continuous sexual abuse of a young child. Indecency with a child requires the actor to intentionally or knowingly act "with the intent to arouse or gratify the sexual desire of the defendant." TEX. PENAL CODE ANN. § 21.11. The offense of aggravated sexual assault requires the actor to act knowingly or intentionally. *See id.* § 22.021. Accordingly, Colon could only be convicted of continuous sexual abuse of a young child if he acted intentionally or knowingly. *See Buxton*, 526 S.W.3d at 684.

Additionally, we find nothing in *Elonis* that would mandate a different outcome. In *Elonis*, the United State Supreme Court addressed the intent necessary for a criminal conviction of a person for an act of speech that communicates a true threat. *See Elonis*, 575 U.S. at 725. It is true that the court in *Elonis* noted generally that a guilty mind is a necessary element in the indictment and proof of every crime. *See id*. However, in the present case, the State was still required to allege and prove a "guilty mind," per the predicate acts. Thus, we conclude that the State was not required to allege an additional culpable mental state. *See Buxton*, 526 S.W.3d at 684; *Lane*, 357 S.W.3d at 776.

We overrule Colon's second issue.

## C. Proving Culpable Mental State

In his third issue, in a single paragraph, Colon asserts that the jury charge is defective because it allowed him to be convicted regardless of whether he knew the age of the victim at the time of the offense. Without any analysis, Colon urges us to reconsider *Fleming v. State*, 455 S.W.3d 577, 582 (Tex. Crim. App. 2014) in light of *Elonis*. He offers no insight on *Fleming*, its holding, or its relevance to the present case, nor does he explain how *Elonis* would affect the holding in *Fleming*. Thus, we find this issue to be inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

7

However, addressing the issue in an abundance of caution, we find that his argument has no merit. *Elonis* contemplates the subjective intent of speech, not a mistake of fact, such as the age of a sexual partner; accordingly, *Elonis* does not disturb the holding in *Fleming* that "the adult assumes the risk that he or she may be held liable for the conduct if it turns out that the sexual partner is under age." *Fleming*, 455 S.W.3d at 582. And as we discussed above, for continuous sexual abuse of a young child, the State proves the culpable mental state through the commission of the underlying predicate acts. *See Buxton*, 526 S.W.3d at 684; *Lane*, 357 S.W.3d at 776. Thus, it is irrelevant that the State was not required to show that Colon knew the age of the victim at the time of the offense.

We overrule Colon's third issue.

### IV. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
26th day of March, 2020.