NUMBER 13-23-00533-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG


---

**DEIRA ALAN GLOVER,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                         **Appellee.**

---

### ON APPEAL FROM THE 357TH DISTRICT COURT
### OF CAMERON COUNTY, TEXAS

---

# OPINION

### Before Justices Silva, Peña, and Fonseca
### Opinion by Justice Fonseca

Appellant Deria Alan Glover pled guilty to twenty-six counts of sexual abuse and online solicitation of a minor, first and second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 21.12, 22.021(a)(2)(B), 33.021(c), (f). The trial court sentenced appellant to forty years' imprisonment for Counts 1 and 2, and fifteen-years' imprisonment for Counts 3 through 26, with the sentences to run concurrently. On appeal, appellant argues the trial court

erred by denying appellant's motion to quash the indictment. We affirm the trial court's denial of the motion because appellant had access to the identity of "Victim 1" for over a year prior to his guilty plea.

## I.    BACKGROUND

On May 5, 2021, a grand jury indicted appellant for continuous sexual abuse against two minors, M.G. and "Victim 1," for two or more acts that allegedly occurred between May 14, 2020, and October 11, 2020. *See Id.* § 21.02. Appellant was also indicted on multiple counts of online solicitation of a minor under fourteen, online solicitation of a minor with intent that the minor engage in sexual contact, and improper relationship between an educator and student. *See id.* §§ 21.12, 33.021(c), (f). On January 24, 2022, the State filed its "First Amended Notice of Intent to Use Outcry Statement of Child Abuse Victim" notifying appellant that it intended to use the outcry statement "Victim 1" made to her mother on October 11, 2020, as well as several other outcry statements from other alleged victims.

On July 13, 2022, appellant's counsel moved for a pretrial hearing, for discovery including *Brady* material, and for a list of trial witnesses. On August 4, 2022, the State provided discovery materials. Of relevance, this material included a Combes Police Department (CPD) "Criminal Case Report" identifying appellant as a suspect for aggravated sexual assault of the minor child identified as "Victim 1" who was an eleven-year-old white female when the alleged offense occurred. The discovery materials included investigation reports detailing that appellant was suspected of sexual contact with "Victim 1" and sending sexually explicit messages online to her. Her mother's full name is identified, and the discovery materials included DNA testing showing the

2

presence of appellant's DNA on clothing belonging to "Victim 1."

On August 1, 2023, appellant filed his "Motion to Quash Indictment" on the basis that it was overly vague because it failed to identify "Victim 1." The trial court held a pretrial hearing on the same day. At the hearing, appellant's counsel argued that "Victim 1" was not a sufficient identifier for a victim under Texas Code of Criminal Procedure Article 21.07 and that the indictment should be quashed as a result. Appellant further argued that the identifier did not enable him to prepare a sufficient defense. The State replied that the identity of "Victim 1" was available to appellant for at least a year in the discovery materials. The trial court agreed and denied appellant's motion.

On August 7, 2023, appellant entered a guilty plea. As to trial court cause number 2021-DCR-914-E, appellant pled guilty to aggravated sexual assault of a child, online solicitation of a minor, online solicitation of a minor with intent that the minor engage in sexual contact, and improper relationship between educator and student. The State entered evidence supporting appellant's conviction and appellant affirmed that he was aware of the rights he was surrendering and that he would have to register as a sex offender. The trial court sentenced appellant to forty years' imprisonment for Counts 1 and 2, and fifteen years' imprisonment for Counts 3 through 26. All sentences were ordered to run concurrently. This appeal followed.

## II.     STANDARD OF REVIEW & APPLICABLE LAW

"When reviewing a trial court's decision to deny a motion to quash an indictment, we apply a *de novo* standard of review." *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). This is because resolution of a question of law such as the sufficiency of an indictment does not turn on evaluation of a witness, so the trial court is not in a

better position to decide this issue. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

To preserve a defendant's constitutional right to notice, an indictment must be "specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *Lawrence*, 240 S.W.3d at 916; *see also Gordon v. State*, No. 13-16-00187-CR, 2016 WL 4578929, at *2 (Tex. App.—Corpus Christi–Edinburg Sept. 2, 2016, pet. denied) (mem. op., not designated for publication). We review whether the charge, in writing, provided in plain and intelligible language all the necessary information. *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000); *see also Gordon*, 2016 WL 4578929, at *2. The Texas Code of Criminal Procedure states that as part of an indictment "it shall be sufficient to state one or more of the initials of the given name and the surname" when stating the name of a necessary person for the indictment. TEX. CODE CRIM. PROC. ANN. art. 21.07.

In reviewing a motion to quash, we look to whether the indictment facially alleged the elements of the offense, not at the supporting evidence. *State v. Oakley*, 706 S.W.3d 492, 497 (Tex. Crim. App. 2024); *Farris v. State*, 506 S.W.3d 102, 112 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (mem. op.). "An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 21.19. In evaluating the materiality of a complaint that a victim's name does not match the indictment, we consider whether the defendant had sufficient notice of his accuser's identity and whether the variation could subject the defendant to another prosecution for the same offense. *Fuller v. State*, 73

4

S.W.3d 250, 254 (Tex. Crim. App. 2002).

### III. ANALYSIS

Appellant's sole complaint on appeal is that the trial court erred in denying his "Motion to Quash Indictment" on the basis that "Victim 1" was not a proper identifier because it was overly vague and did not allow him to adequately prepare for trial. He contends the Code of Criminal Procedure requires the indictment to identify the victim by either her full name or initials. *See* TEX. CODE CRIM. PROC. ANN. art. 21.07. Because this is a complaint as to form, appellant must prove this alleged defect prejudiced his substantial rights. *Id.* art. 21.19; *see also Jacob v. State*, 587 S.W.3d 122, 131–32 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

Notably, while an indictment is required to state the name of the accused, there is no explicit statutory requirement that a victim be named. *See* TEX. CODE CRIM. PROC. ANN. art. 21.21. While appellant contends that the indictment *must* name "Victim 1" by her full name or initials, the statute merely states that "it shall be sufficient" to state the initials of a "person necessary to be stated in the indictment." *See id.* art. 21.07. Even assuming the alleged victim is a "person necessary to be stated in the indictment," this does not impose a mandatory requirement that a victim be named by their full name but provides an option for the indictment to use initials. *Id.* Moreover, nowhere does the statute forbid the use of a pseudonym such as "Victim 1" in place of a person's name. Absent a statutory mandate, appellant's complaint can only be sustained if his substantial rights were prejudiced. Per the nature of appellant's complaint, his substantial rights are only prejudiced if he did not have sufficient *notice* of the identity of "Victim 1" or if he could be subject to another prosecution for the same offense for conduct against "Victim 1." *See*

*Fuller*, 73 S.W.3d at 254.

The record indicates appellant had notice of the identity of "Victim 1" for over a year prior to his guilty plea. The true name of "Victim 1" was abundantly clear in the discovery materials that the State produced on August 4, 2022. Many documents from the CPD detailing their investigation identify "Victim 1" by her name, sex, age, and online usernames. Records also indicate that DNA testing was conducted on "Victim 1"'s clothing to find appellant's DNA. "Victim 1"'s parents were also identified in the discovery materials provided. The State filed a notice of intent to use the outcry statement that "Victim 1" made to her mother. Moreover, appellant's counsel identified "Victim 1"'s initials in an August 1, 2023 pretrial motion and conceded at the August 1, 2023 pretrial hearing that he had possession of the reports identifying "Victim 1" by her actual name. Therefore, appellant's substantial rights were not prejudiced by using a pseudonym to identify the victim in the indictment. *See Stevens v. State*, 891 S.W.2d 649, 650–51 (Tex. Crim App. 1995) (finding, where the indictment used a numerical sequence to identify the alleged victim, that there was no material variance between the indictment and the proof at trial because the victim's legal name was provided in response to a motion seeking pretrial disclosure of witnesses, defendant's own motion referred to the victim by her legal name, and there was notice of intent to offer outcry testimony of the victim's mother).

Appellant has not asserted that he could be subject to another prosecution for the same offense against "Victim 1." *See Fuller*, 73 S.W.3d at 254. Based on our review of the record, we find no risk that appellant will face another prosecution for the same offense as the record is clear as to the identity of "Victim 1" and appellant's guilty plea specifically encompasses the offenses against "Victim 1."

6

Accordingly, we overrule appellant's sole issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

YSMAEL D. FONSECA
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
1st day of May, 2025.